# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | |
| STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA, | Case No. 25-cv-3761 (KMM/EMB) |
| *Defendants*, | **[PROPOSED] ANSWER** |
| and | |
| MINNESOTA ALLIANCE FOR RETIRED AMERICANS EDUCATIONAL FUND and MISAEL HERNANDEZ, | |
| *Intervenor-Defendants.* | |

## MINNESOTA ALLIANCE FOR RETIRED AMERICANS EDUCATIONAL FUND AND MISAEL HERNANDEZ'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Proposed Intervenor-Defendants ("Intervenors") Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez answer Plaintiff's Complaint (ECF No. 1), as follows:

The Complaint begins with three unnumbered paragraphs to which no response is required. To the extent a response is required, Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

1

## INTRODUCTION

1.      Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the United States has filed the instant action but otherwise deny the allegations.

2.      Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the United States has filed the instant action but otherwise deny the allegations.

3.      Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that on March 24, 2025, President Trump signed Executive Order 14248 entitled "Preserving and Protecting the Integrity of American Elections." Intervenors deny the remaining allegations in Paragraph 3.

4.      Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the cited statute otherwise speaks for itself.

5.      Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute describes the Attorney General's enforcement authority but the statute otherwise speaks for itself. Intervenors deny that HAVA authorizes the relief the Department of Justice seeks and further deny that it precludes enforcement by parties other than the U.S. Attorney General.

6.      Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited case contains the quoted text, but the case otherwise speaks for itself.

7.      Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the United States has filed the instant action but otherwise deny the allegations.

## JURISDICTION AND VENUE

8.      Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Intervenors otherwise deny the allegations.

9.      Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that Defendants are located in and conduct election administration in Minnesota.

## PARTIES

10.     Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations.

11.     Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that Defendant State of Minnesota is a state of the United States of America and is subject to certain provisions of HAVA and the CRA. Intervenors also admit that the cited

3

statutes, 52 U.S.C. §§ 20701, 20706, refer to and define "officer of election," but the statutes otherwise speak for themselves.

12.     The remaining allegations in Paragraph 12 contain legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that Steve Simon is the Minnesota Secretary of State and that he is sued in his official capacity, but the cited constitutional provisions, statutes, and cases otherwise speak for themselves.

## BACKGROUND

### A.     The Civil Rights Act of 1960 ("CRA")

13.     Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that 52 U.S.C. §§ 20701–20706 empowers the Attorney General to request certain records in certain circumstances and subject to legal requirements. Intervenors deny that the Attorney General is empowered to request each of the records that are the subject of this litigation. Intervenors further deny that the Attorney General has a sufficient basis or purpose for the records requests at issue in this litigation.

14.     Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

15.     Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text, but the statute otherwise speaks for

itself. Intervenors deny that the statute authorizes the demands that are the subject of this litigation.

**B.    The Help America Vote Act ("HAVA")**

16.    Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

17.    Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

18.    Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

19.    Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

20.    Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

21.    Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations.

22.    Paragraph 22 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Intervenors admit that § 21083(b) sets forth rules for voters who register to vote by mail. The statute otherwise speaks for itself.

23.     Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the definition of a "state" outlined in 52 U.S.C. § 21141 includes Minnesota.

24.     Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that 52 U.S.C. § 21083(a)(4)(A) references the NVRA. The statute otherwise speaks for itself.

25.     Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited case contains the quoted text. The case otherwise speaks for itself. Intervenors deny the allegations to the extent they suggest Minnesota has violated HAVA.

26.     Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations.

27.     Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself. Intervenors deny that HAVA authorizes the relief the Department of Justice seeks and further deny that it precludes enforcement by parties other than the U.S. Attorney General.

## FACTUAL ALLEGATIONS

28.     Intervenors admit that on June 25, 2025, the United States sent a letter to Secretary Simon regarding Minnesota's compliance with HAVA's list-maintenance provision. The content of the letter otherwise speaks for itself.

29.     Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited document contains the quoted text. The content of the document otherwise speaks for itself.

30.     Intervenors admit that on July 25 2025, Justin Erickson, the General Counsel for Secretary Simon, responded to the DOJ's June 25, 2025 letter. The content of the letter speaks for itself. The remainder of Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the Secretary of State declined to provide the Justice Department with a copy of Minnesota's statewide voter registration list. Intervenors deny that the Department was authorized to demand this information or that Minnesota was required to provide it.

31.     Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that Mr. Erickson's July 25, 2025 letter contains the quoted text. The content of the letter otherwise speaks for itself.

32.     Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors

7

admit that Mr. Erickson's July 25, 2025 letter contains the quoted text. The content of the letter otherwise speaks for itself.

33.    Intervenors admit that on August 13, 2025, Assistant Attorney General for the Civil Rights Division replied to Mr. Erickson's letter. Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited letter contains the quoted text and that the document speaks for itself. Intervenors otherwise deny that HAVA authorizes Plaintiff's demand for Minnesota's statewide voter registration list and further deny that it precludes enforcement by parties other than the U.S. Attorney General.

34.    Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited letter contains the quoted text and that the document speaks for itself. Intervenors otherwise deny that the Civil Rights Act authorizes Plaintiff's demand for Minnesota's statewide voter registration list.

35.    Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited letter contains the quoted text and that the document speaks for itself. Intervenors otherwise deny that the cited statutes in the letter authorize Plaintiff's demand for Minnesota's statewide voter registration list.

36.    Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited letter contains the quoted text. The content of the letter otherwise speaks

for itself. Intervenors also deny that the cited statutes in the letter authorize Plaintiff's demand for Minnesota's statewide voter registration list.

37.    Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited letter contains the quoted text. The content of the letter otherwise speaks for itself. Intervenors also deny that the Civil Rights Division has complied with the Privacy Act or has adopted the necessary practices and procedures to do so.

38.    Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited letter includes the quoted text. The content of the letter otherwise speaks for itself.

39.    Intervenors admit that on August 21, 2025, Secretary Simon sent a letter responding to the DOJ's previous letter from August 13, 2025. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited letter contains the quoted text. The content of the letter otherwise speaks for itself. To the extent Paragraph 39 alleges that Minnesota has violated any other federal law, Intervenors deny the allegations.

40.    Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself. Intervenors deny the allegations in

Paragraph 40 to the extent they suggest there was any deficiency with Minnesota's response.

41.    Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited website contains the quoted text but lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41 and therefore deny them.

42.    Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Intervenors lacks sufficient knowledge to form a belief as to the truth or falsity of the factual allegations in Paragraph 58 and therefore deny them.

43.    Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the Civil Rights Division is required to comply with the Privacy Act. Intervenors otherwise deny that the Civil Rights Division has complied with the Privacy Act or has adopted the necessary practices and procedures to do so.

44.    Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny that the Civil Rights Division has complied with the Privacy Act.

## CAUSES OF ACTION

### COUNT I: CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

45.    Intervenors incorporate by reference each of their preceding admissions,

denials, and statements as if fully set forth herein.

46.    Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny that the Civil Rights Act provides the United States authority to demand the records referred to in its June 25 and August 13 Letters.

47.    Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the August 13 Letter speaks for itself.

48.    Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the August 21 Letter speaks for itself, and otherwise deny that the Department was authorized to demand this information or that Minnesota was required to provide it.

49.    Intervenors deny the allegations in Paragraph 49.

## COUNT II: HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

50.    Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

51.    Intervenors deny the allegations in Paragraph 51.

52.    Intervenors deny the allegations in Paragraph 52.

53.    Intervenors deny the allegations in Paragraph 53.

54.    Intervenors deny the allegations in Paragraph 54.

## PRAYER FOR RELIEF

The complaint next includes a Prayer for Relief, including sub-paragraphs (A)-(E), demanding equitable and declaratory relief. Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3.      Plaintiff has failed to establish entitlement to injunctive relief.

4.      The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5.      Plaintiff lacks authority to bring a cause of action.

## INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Intervenors pray for judgment as follows:

A.      That the Court dismiss the Complaint for Declaratory and Injunctive Relief;

B.      That judgment be entered in favor of Intervenors and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C.    That Intervenors be awarded reasonable attorneys' fees and costs under any

applicable statute or equitable doctrine; and

D.    For such other and further relief as the Court deems appropriate.


Dated: September 30, 2025

Respectfully submitted,

*/s/ Sybil L. Dunlop*
Sybil L. Dunlop, Reg. No. 0390186
Katherine M. Swenson, Reg. No. 0389280
Kshithij Shrinath, Reg. No. 0505164
**GREENE ESPEL PLLP**
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
Telephone: (612) 373-0830
sdunlop@greeneespel.com
kswenson@greeneespel.com
kshrinath@greeneespel.com

Elisabeth C. Frost*
Robert Golan-Vilella*
Tina Meng Morrison*
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
efrost@elias.law
rgolanvilella@elias.law
tmengmorrison@elias.law
jastarita@elias.law

*Pro Hac Vice Applications Forthcoming

*Counsel for Proposed Intervenors Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*