# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA,<br><br>*Defendants*,<br><br>LEAGUE OF WOMEN VOTERS MINNESOTA, COMMON CAUSE, JENNIFER COMPEAU, and VALERIE MANGSKAU,<br><br>*Defendant-Intervenors*. | Case No. 25-cv-3761-KMM-EMB |

**LEAGUE OF WOMEN VOTERS MINNESOTA, COMMON CAUSE, JENNIFER COMPEAU, AND VALERIE MANGSKAU'S PROPOSED ANSWER TO COMPLAINT**

Proposed Defendant-Intervenors the League of Women Voters Minnesota, Common Cause, Jennifer Compeau, and Valerie Mangskau (together, "Defendant-Intervenors"), by and through their counsel, for their Answer to Plaintiff's Complaint, deny each and every allegation of the Complaint not specifically admitted herein, and further answer as follows:

1

The paragraphs before the first numbered paragraph of the Complaint constitute introductory material to which no response is required. To the extent a response is required, Defendant-Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to the requested relief in this action.

**INTRODUCTION**

1.  Paragraph 1 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the United States filed this action and makes a demand for the full statewide voter registration list (SVRL), but to the extent that Plaintiff alleges that this demand is warranted, this allegation is denied.

2.  Paragraph 2 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the United States filed this action but otherwise deny the allegations.

3.  Paragraph 3 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that on March 25, 2025, President Trump signed Executive Order 14248 entitled "Preserving and Protecting the Integrity of American Elections," but otherwise deny the allegations.

4.  Paragraph 4 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute contains the quoted text.

5. Paragraph 5 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute describes the Attorney General's authority to enforce certain provisions of HAVA, but otherwise the statute speaks for itself, and any further allegations are denied.

6. Paragraph 6 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited case contains the quoted text, but otherwise deny the allegations.

7. Paragraph 7 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit upon information and belief that the United States brings this action to compel the State of Minnesota and Secretary of State Steve Simon to provide information to the Attorney General regarding the State of Minnesota's voter list maintenance procedures and an electronic copy of its statewide voter registration list including all fields, but otherwise deny the allegations.

## JURISDICTION AND VENUE

8. Paragraph 8 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit this case is brought by the United States purporting violations of federal law, but otherwise deny the allegations.

9. Paragraph 9 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that Defendants are located within Minnesota.

## PARTIES

10. Paragraph 10 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the production of certain records and papers may be compelled by appropriate process under the Civil Rights Act and that the United States further seeks declaratory and injunctive relief, but otherwise deny the allegations.

11. Paragraph 11 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that Minnesota is a State of the United States and is subject to certain requirements of HAVA , and that the cited statutes define "officer of election," but the statutes otherwise speak for themselves.

12. Paragraph 12 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that Secretary Simon is Minnesota's Secretary of State and that Secretary Simon is sued in his official capacity, but deny that the cited statutes and cases establish the remaining allegations, and otherwise deny the allegations.

## BACKGROUND

A.     **The Civil Rights Act of 1960 ("CRA")**

13.     Paragraph 13 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute vests the Attorney General with some power to request records, but deny the broad characterization in this paragraph to the extent that it fails to mention that this power to request records is subject to certain additional legal requirements and restrictions. Defendant-Intervenors deny that the Attorney General has a sufficient basis or purpose for the records requests at issue in this case.

14.     Paragraph 14 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors assert that the cited statutes speak for themselves.

15.     Paragraph 15 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, -Intervenors admit that the cited statute contains the quoted text, but the statute otherwise speaks for itself. Defendant-Intervenors deny that the statute authorizes the demands that are at issue in this case.

B.     **The Help America Vote Act ("HAVA")**

16.     Paragraph 16 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited report contains the quoted text, but to the extent that this paragraph suggests that the quoted text is in HAVA itself (as opposed to a House Committee Report),

Defendant-Intervenors deny that characterization, and the cited Report otherwise speaks for itself.

17. Paragraph 17 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited report contains the quoted text, but to the extent that this paragraph suggests that the quoted text is in the HAVA statute itself (as opposed to a House Committee Report), Defendant-Intervenors deny that characterization, and the cited Report otherwise speaks for itself.

18. Paragraph 18 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute contains the quoted text, but deny that this HAVA provision applies to "all States," and the statute otherwise speaks for itself.

19. Paragraph 19 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute contains the quoted text but the statute otherwise speaks for itself.

20. Paragraph 20 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited statute contains the quoted text but the statute otherwise speaks for itself.

21. Paragraph 21 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

22. Paragraph 22 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that 52 U.S.C. § 21083(b) provides rules for voters who register to vote by mail and have not previously voted in a federal election, but otherwise the statute speaks for itself.

23. Paragraph 23 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny that the entire HAVA statute applies to all fifty states.

24. Paragraph 24 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that Section 303 of HAVA makes some references to the National Voter Registration Act (NVRA), but deny that any referenced provisions of the NVRA are thus "incorporate[d] by reference" so that these NVRA provisions "apply to all States covered under HAVA."

25. Paragraph 25 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that Minnesota is exempt from the NVRA and that the cited case contains the quoted text, but otherwise deny the allegations.

26. Paragraph 26 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit only that the cited statute contains no express private right of action, but otherwise deny the allegations.

27. Paragraph 27 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit

that the cited statute contains the quoted text but deny that the cited statute establishes that the Attorney General is "exclusively" empowered to bring a civil action pursuant to HAVA.

## FACTUAL ALLEGATIONS

28. Answering Paragraph 28, Defendant-Intervenors admit upon information and belief that on June 25, 2025, the United States Department of Justice, Civil Rights Division, Voting Section, sent a letter to Secretary Simon requesting information regarding the State's HAVA compliance.

29. Answering Paragraph 29, Defendant-Intervenors admit upon information and belief that the cited letter contains the quoted text. To the extent that Plaintiff alleges that the copy of Minnesota's SVRL as requested in the June 25, 2025 letter is "required by Section 303(a) of HAVA, 52 U.S.C. § 21083(a)," this allegation is denied.

30. Paragraph 30 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit upon information and belief that on July 25, 2025, Justin Erickson, the General Counsel for Secretary Simon, provided a response to the June 25, 2025 letter, that the cited response contains the quoted text, and that Mr. Erickson declined to provide the Attorney General with Minnesota's SVRL at that time and noted that it is long-standing practice not to disclose statewide voter registration list information "unless expressly required by law." To the extent that Plaintiff alleges that Minnesota was required to provide the information demanded in the June 25, 2025 letter, this allegation is denied.

31. Paragraph 31 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit upon information and belief that Mr. Erickson's July 25, 2025 response contains the quoted text. To the extent that this paragraph characterizes the Department of Justice's references to HAVA's statutory requirements in its June 25, 2025 letter as a sufficient legal basis for requesting Minnesota's full voter registration list, this characterization is denied.

32. Answering Paragraph 32, Defendant-Intervenors admit upon information and belief that Mr. Erickson's July 25, 2025 letter contains the quoted text, but otherwise the letter speaks for itself.

33. Paragraph 33 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit upon information and belief that the Assistant Attorney General for the Civil Rights Division replied to Mr. Erickson's July 25, 2025 response in an August 13, 2025 letter, and that this cited letter contains the quoted text. To the extent that Plaintiff alleges that the Department of Justice has authority to request a copy of Minnesota's full SVRL under Section 401 of HAVA, "which makes the Attorney General solely responsible for actions to enforce HAVA's computerized statewide [SVRL] requirements," this allegation is denied.

34. Paragraph 34 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit upon information and belief that the cited August 13, 2025 letter contains the quoted text,

but deny the cited letter's characterization that Section 303 of the Civil Rights Act authorizes Plaintiff's demand for Minnesota's full SVRL.

35.     Paragraph 35 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the cited August 13, 2025 letter contains the quoted text but otherwise deny the allegations and the characterizations in this cited letter.

36.     Answering Paragraph 36, Defendant-Intervenors admit upon information and belief that the cited August 13, 2025 letter contains the quoted text, but deny the characterization that the cited statutes in the letter authorize the scope of plaintiff's demand for Minnesota's full SVRL.

37.     Answering Paragraph 37, Defendant-Intervenors admit upon information and belief that the cited August 13, 2025 letter contains the quoted text, but deny that Plaintiff has complied with the protections in the Privacy Act, and lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 37 that Plaintiff will comply with the protections in Section 304 of the Civil Rights Act that limit dissemination of records or papers produced under the Act, so therefore deny them.

38.     Paragraph 38 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit upon information and belief that the cited August 13, 2025 letter contains the quoted text, but deny the characterization that legal action would be warranted if Minnesota failed to comply with the demands in this August 13, 2025 letter. Defendant-Intervenors lack

sufficient information to form a belief as to the truth or falsity of the characterization of the Department of Justice's file-sharing system as "secure," so therefore deny the allegation.

39. Answering Paragraph 39, Defendant-Intervenors admit upon information and belief that on August 21, 2025, Secretary Simon's office responded to the United States' letter and that this cited August 21, 2025 response contains the quoted text, but deny any allegation that "Defendants declined to comply with Federal law."

40. Paragraph 40 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, the letter cited speaks for itself. Defendant-Intervenors deny the allegation that the Department of Justice made a "lawful request for full unredacted SVRL," and deny that sending the requested information and materials via encrypted email or using the Department of Justice's file-sharing system "would protect the sensitive data."

41. Answering Paragraph 41, Defendant-Intervenors admit upon information and belief that Minnesota is a member of the Electronic Registration Information Center (ERIC) and that the cited sources contain the quoted text, but lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 41, so therefore deny them.

42. Paragraph 42 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the characterization that Minnesota refuses to adhere to federal law. Defendant-Intervenors

lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 42, so therefore deny them.

43. Paragraph 43 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit that the Department of Justice is required to comply with the Privacy Act. Defendant-Intervenors lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 43, so therefore deny them.

44. Paragraph 44 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny that the Department of Justice has complied with the Privacy Act. Defendant-Intervenors lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 44, so therefore deny them.

## CAUSES OF ACTION

### COUNT I: CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

45. Defendant-Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

46. Paragraph 46 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in Paragraph 46.

47. Paragraph 47 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit upon information and belief that the Department of Justice's August 13, 2025 letter made

such a request, but deny that the cited statutes authorize Plaintiff's demand for Minnesota's full SVRL.

48. Paragraph 48 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors admit upon information and belief that Secretary Simon's office did not provide the requested full SVRL. The August 21 letter otherwise speaks for itself, and Defendant-Intervenors deny that Plaintiff was authorized to demand this information or that Defendant was required to provide it

49. Paragraph 49 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in Paragraph 49.

## COUNT II: HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

50. Defendant-Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

51. Paragraph 51 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in Paragraph 51.

52. Paragraph 52 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in Paragraph 52.

13

53. Paragraph 53 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in Paragraph 53.

54. Paragraph 54 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations in Paragraph 54.

## PRAYER FOR RELIEF

After the numbered paragraphs above, the Complaint includes a Prayer for Relief. To the extent a response is required, Defendant-Intervenors deny that Plaintiff is entitled to the requested relief in this action.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The relief sought is barred in whole or in part by equity, including on the basis of unclean hands and on the basis of laches.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The authority claimed by the Plaintiff as grounds for the relief sought is *ultra vires*.

5. The relief sought by Plaintiff is contrary to law.

## DEFENDANT-INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, Defendant-Intervenors deny that the United States is entitled to judgment in its favor on any grounds, and Defendant-Intervenors respectfully request that the relief requested by the United States be denied in its entirety.

Dated: October 14, 2025

Theresa J. Lee*
Sophia Lin Lakin*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
tlee@aclu.org
slakin@aclu.org

Patricia J. Yan*
**American Civil Liberties Union Foundation**
915 15th Street NW
Washington, DC 20005
(202) 457-0800
pyan@aclu.org

*Pro Hac Vice Applications Forthcoming

Respectfully submitted,

*s/ David P. McKinney*
Teresa J. Nelson (MN #0269736)
David P. McKinney (MN #0392361)
**American Civil Liberties Union of Minnesota**
2828 University Ave SE
Minneapolis, MN 55414
(651) 645-4097
tnelson@aclu-mn.org
dmckinney@aclu-mn.org

*Attorneys for Proposed Defendant-Intervenors League of Women Voters Minnesota, Common Cause, Jennifer Compeau, and Valerie Mangskau*

15