

U.S. Department of Justice

Civil Rights Division

---

*Office of the Assistant Attorney General*    *Washington, D.C. 20530*

August 13, 2025

Via Mail and Email

Justin R. Erickson
General Counsel
Veterans Services Building
20 W 12th Street, Suite 210
St. Paul, MN 55155
Justin.Erickson@state.mn.us
Phone: (651) 201-6895

    Re:    **Minnesota's Voter Registration List**

Dear Mr. Erickson:

We are writing in response to your letter of July 25, 2025, concerning the United States Department of Justice's request for a copy of Minnesota's statewide voter registration list ("VRL"), including both active and inactive voters.[1]

Despite Minnesota's exemption from the National Voter Registration Act ("NVRA"), Minnesota is subject to the Help America Vote Act ("HAVA"). HAVA provides independent authority for the Justice Department to seek the State's VRL through Section 401, which makes the Attorney General solely responsible for actions to enforce HAVA's computerized statewide VRL requirements. *See* 52 U.S.C. § 21111.

In addition to the Attorney General's authority to enforce HAVA, the Civil Rights Act of 1960, codified at 52 U.S.C. § 20701, *et seq.*, requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for a period of 22 months after any federal general, special, or primary election.

52 U.S.C. § 20703 provides that *all* records or papers required to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection,

---

[1] *See* Letter from Justice Department sent to Registrar-Recorder/County Clerk Dean C. Logan on July 9, 2025.

**Exhibit 2-1**

reproduction, and copying at the principal office of such custodian by the Attorney General or his representative.

To that end, this letter serves notice that the Attorney General is making a demand pursuant to 52 U.S.C. § 20703 for a complete copy of the state of Minnesota's statewide VRL. The purpose of this request is to ascertain Minnesota's compliance with the list maintenance requirements of HAVA under 52 U.S.C. § 21083(b)(4)(A) and (B). The VRL is to include all fields, including all identifiers, including the registrant's full name, date of birth, residential address, and the last four numbers of each registrant's social security number and the full state driver's license number, as required by HAVA at 52 U.S.C. § 21083(a)(5)(A)(i).

HAVA specifies that the last 4 digits of a social security number shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974. (52 U.S.C. § 522(a) note; see 52 U.S.C. § 21083(c)). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority. In charging the Attorney General with enforcement of the VRL maintenance requirements in the Act, Congress plainly intended that the Justice Department be able to conduct an independent review of each state's list.

To allay any concerns, Section 304 of the CRA also provides, "Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury."

Accordingly, please provide the requested electronic Voter Registration List[2] to the Justice Department within seven days or by August 21, 2025. The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS"). Please be advised that failure by Minnesota to provide its statewide voter registration list may result in legal action. Should further clarification be required, please contact Maureen Riordan at maureen.riordan2@usdoj.gov.

Regards,

*Harmeet K Dhillon*

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

---

[2] Containing *all fields*, which includes either the registrant's full name, date of birth, residential address, their state driver's license number or the last four digits of the registrant's social security number as required by HAVA.

**Exhibit 2-2**



# STATE OF MINNESOTA
Office of Minnesota Secretary of State
Steve Simon

August 21, 2025

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW – 4CON
Washington D.C. 20530

Dear Assistant Attorney General Dhillon:

I write in response to the United States Department of Justice's (DOJ) second request for information regarding Minnesota's compliance with the Help America Vote Act (HAVA). I understand that the DOJ is seeking Minnesota's complete voter registration list, including the name, date of birth, residential address, and either the driver's license number or the last four digits of the Social Security Number for all active and inactive voters. The DOJ has requested that the Office of the Secretary of State (OSS) provide this highly sensitive data on millions of Minnesotans within seven days. The DOJ's request is unprecedented in its scope and timing. Given the accelerated deadline, the OSS offers the following non-exhaustive list of concerns with the DOJ's request.

As I indicated previously, before sharing any data contained in Minnesota's voter registration list, the OSS will require (1) clear legal justification for the data request and (2) sufficient information to show that it will be used and protected appropriately. This is because both state and federal law place significant restrictions on the distribution of such sensitive information. Minnesota law, for example, prohibits the OSS from providing a voter's date of birth or any portion of their Social Security Number, driver's license number, state identification card number, military identification number, or passport number to law enforcement or in response to a request for public inspection. Minn. Stat. § 201.091, subd. 9.[1] Federal law also requires the OSS to take steps to prevent unauthorized access to this information. 52 U.S.C. § 21083(a)(3). While the OSS has carefully reviewed the information the DOJ provided in its most recent letter,

---

[1] Individuals who violate this law may face criminal charges. *See* Minn. Stat. § 201.27.

Veterans Service Building, Suite 210 | 20 W 12th Street | Saint Paul, MN 55155
Phone: 651-201-1324 or 1-877-600-8683 | Fax: 651-215-0682 | MN Relay Service: 711
E-mail: secretary.state@state.mn.us | Web site: www.sos.mn.gov

**Exhibit 2-3**

it still fails to address the concerns that the OSS previously raised. Accordingly, the OSS cannot disclose Minnesota's voter registration list at this time.

## I. The DOJ has not provided adequate justification for amassing highly sensitive information on millions of Minnesotans.

The DOJ identified two provisions of federal law as the legal bases for obtaining Minnesota's voter registration list: Section 401 of HAVA and Section 303 of the Civil Rights of Act of 1960 (CRA). Neither provision provides the clear legal basis necessary for the OSS to turn over private data on several million individuals.

Section 401 of HAVA states that the Attorney General may bring a civil action "to carry out [HAVA's] uniform and nondiscriminatory election technology and administration requirements." 52 U.S.C. § 21111. Section 401 says nothing about granting the Attorney General access to voter registration information (or any other data for that matter) before bringing such an action. Had Congress wanted to grant the Attorney General such authority, it could have easily done so. While there are many provisions of federal law that authorize the DOJ to obtain information from third parties before bringing a civil action, none of those provisions relate to HAVA. *See, e.g.*, 42 U.S.C. § 1997a-1 (authorizing access of information via subpoena under the Civil Rights of Institutionalized Persons Act); 15 U.S.C. § 1312 (authorizing access to data via civil investigative demand under the Antitrust Civil Process Act); 15 U.S.C. § 78dd-2(d)(2) (authorizing the production of information under the Foreign Corrupt Practices Act); *Fresenius Medical Care v. United States*, 526 F.3d 372, 375 (8th Cir. 2008) (requiring authority for agency to issue subpoenas). Section 401 does not grant the DOJ access to Minnesota's voter registration list.

Section 303 of the CRA also does not grant the DOJ access to this data for purposes of assessing Minnesota's compliance with HAVA. The purpose of Section 303, and Title III of the CRA more generally, is to provide the DOJ access to the records necessary to conduct investigations "on complaints of a denial [of the right] to vote because of race" and ensure that voter registration practices "conform to constitutional principles." H.R. Rep. No. 86-956, at 7 (1959); *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962). Section 303 also requires the DOJ to provide a statement of the basis and purpose of its demand. Neither of the DOJ's letters seeking information about compliance with HAVA satisfy these requirements. The DOJ's demand does not relate to any potential violation of federal civil rights law or constitutional principle. Nor has the DOJ provided any reason to suggest that Minnesota is not in compliance with HAVA. As a result, the DOJ's statement does not constitute a valid demand under the CRA. *See Consumer Fin. Prot. Bureau v. Accrediting Council for Indep. Colls. & Schs.*, 854 F.3d

Veterans Service Building, Suite 210 | 20 W 12th Street | Saint Paul, MN 55155
Phone: 651-201-1324 or 1-877-600-8683 | Fax: 651-215-0682 | MN Relay Service: 711
E-mail: secretary.state@state.mn.us | Web site: www.sos.mn.gov

Exhibit 2-4

3

683, 690 (D.C. Cir. 2017) (affirming denial of civil investigative demand because agency did not provide adequate notice of the conduct it was investigating).

Furthermore, any DOJ demand for data must be made in good faith and reasonably related to the stated purpose of the DOJ's inquiry. *E.g.*, *United States v. Powell*, 379 U.S. 48, 58 (1964); *see also In re Coleman*, 208 F. Supp. 199, 201 (S.D. Miss. 1962), *aff'd sub nom. Coleman v. Kennedy*, 313 F.2d 867 (5th Cir. 1963). This is particularly true when an agency seeks highly sensitive data on individuals who are not the subject of the government's inquiry, as is the case here. *In re McVane*, 44 F.3d 1127, 1138 (2d Cir. 1995). Equally concerning is the possibility that the DOJ will use the data inappropriately and the fact that the DOJ does not appear to have complied with the necessary legal requirements to obtain or use data on several million people.

At this stage, the OSS cannot conclude that the information the DOJ seeks (Minnesota's voter registration list) is reasonably related to the DOJ's stated purpose (evaluating Minnesota's compliance with the list maintenance provisions of HAVA) or any other legitimate purpose. HAVA requires that Minnesota maintain a "system of file maintenance" "in accordance with state law" that makes a reasonable effort to remove registrants who are ineligible to vote from the voter registration list. 52 U.S.C. § 21083(a)(2)(A)(iii), (4). Courts evaluate a state's compliance with federal list maintenance requirements not by looking at the entirety of a state's voter registration list on any single day, but by assessing whether the state is taking steps to remove ineligible voters "on a regular and ongoing basis." *See, e.g.*, *Pub. Int. Legal Found. v. Benson*, 136 F.4th 613, 627 (6th Cir. 2025) (discussing list maintenance requirements in the context of the National Voter Registration Act of 1993). Minnesota's voter registration list would not reasonably assist the DOJ in reviewing whether Minnesota has complied with HAVA.

In its previous letter, the OSS extensively outlined the list-maintenance procedures that it conducts on a regular basis. The DOJ has not asked any questions or sought further information about any of those practices. As a result, the OSS is concerned that the DOJ intends to use the voter registration list for purposes not identified in the DOJ's letter, including potentially unlawful data matching or disclosing this data to other persons or entities who do not have a legal right to access such information. If the DOJ is interested in learning more about Minnesota's compliance with HAVA, then the OSS would appreciate discussing this matter further to determine what information the OSS could provide to educate the DOJ regarding Minnesota's safe and secure voter registration practices. But as of now, the DOJ has not identified how the accumulation of personal identifying information on millions of Minnesotans is reasonably related to the DOJ's role in enforcing HAVA, let alone a permissible use of its authority under the CRA.

Veterans Service Building, Suite 210 | 20 W 12th Street | Saint Paul, MN 55155
Phone: 651-201-1324 or 1-877-600-8683 | Fax: 651-215-0682 | MN Relay Service: 711
E-mail: secretary.state@state.mn.us | Web site: www.sos.mn.gov

**Exhibit 2-5**

## II. The DOJ has not provided adequate assurances that it will treat the data appropriately.

The OSS also asked the DOJ to provide information to show that it would appropriately use, store, and secure Minnesota's voter registration list. In response, the DOJ stated that it would use the data only as permitted by Section 304 of the CRA, which allows data to be shared with Congress, any government agency, and with a court or grand jury. *See* 52 U.S.C. § 20704. The DOJ's response does not adequately address the OSS's concerns. The data the DOJ seeks are entitled to far more protection under federal law.

In addition to Section 304 of the CRA, voter registration data must also be treated in accordance with the Privacy Act of 1974. This Act provides substantive privacy protections for the public by requiring that federal agencies carefully and deliberately consider the collection and use of sensitive data in a transparent way. To comply with the Privacy Act, the DOJ must publish a System of Records Notice (SORN) explaining how voter registration data will be stored, accessed, used, or disclosed before the DOJ collects this information. 5 U.S.C. § 552a(e)(4). The DOJ must also provide advance notice and the opportunity for comment before making any significant change to the way the DOJ treats or collects this information, or before the DOJ increases the scope of data that it intends to collect. Off. of Mgmt. & Budget, Circular No. A-108, *Federal Agency Responsibilities for Review, Reporting, and Publication under the Privacy Act* 5 (Dec. 23, 2016) (OMB Circular No. A-108).[2] These requirements ensure that the federal government does not collect private data on individuals without a valid reason or weaponize the collection of such data for inappropriate purposes. *Garris v. Fed. Bureau of Investigation*, 937 F.3d 1284, 1296 (9th Cir. 2019).

The DOJ has not identified which SORN it relies on. The OSS has reviewed the SORN for the DOJ's Civil Rights Division, which has the authority to enforce HAVA. Privacy Act of 1974; System of Records, 68 Fed. Reg. 47610, 47611 (Aug. 11, 2003). Nothing in the SORN relates to voter registration lists. Moreover, even assuming that the data in voter registration lists are considered information on the subjects or witnesses of a potential DOJ investigation, nothing in the SORN suggests that the DOJ case files ordinarily include private identifying information on several million people. Consequently, the OSS does not believe that the DOJ has complied with the necessary requirements of federal law in order to obtain Minnesota's voter registration list.

In addition, both Section 304 of the CRA and the DOJ Civil Rights Division SORN state that the DOJ may share data with other government agencies, such as the Department of Homeland Security (DHS). The OSS is concerned that any agencies with

---

[2] Available at https://perma.cc/S5KW-PCRC.

Veterans Service Building, Suite 210 | 20 W 12th Street | Saint Paul, MN 55155
Phone: 651-201-1324 or 1-877-600-8683 | Fax: 651-215-0682 | MN Relay Service: 711
E-mail: secretary.state@state.mn.us | Web site: www.sos.mn.gov

Exhibit 2-6

whom the DOJ shares this data will use it for data-matching purposes prohibited by the Privacy Act. For example, in March 2025, President Donald Trump issued an executive order instructing the DHS and Department of Government Efficiency to obtain each state's voter registration list and compare it against federal immigration databases. Since that order, the DHS has modified its Systematic Alien Verification for Entitlements (SAVE) program (which previously allowed government entities to verify the eligibility of individual applicants for certain public benefits using a unique immigration identifier, such as an Alien Number) to allow Social Security Numbers to be matched against Social Security Administration data for purposes of verifying whether a person is eligible to vote. Given the timing of the DOJ's request and the executive order, the OSS has reason to believe the DOJ is likely to turn the data over to the DHS for the purpose of matching Minnesota's voter registration list against data in the SAVE program.[3]

Such an action would violate the Privacy Act. This is because despite DHS's significant changes to the SAVE program, it does not appear that the DHS has gone through the necessary legal process to update the corresponding SORN and provide transparency to the public. The current SORN describes the program as a "fee-based service" that verifies citizenship and immigration status of naturalized citizens and those with derivative citizenship by matching unique identifiers on "immigration-related document[s]" against DHS data. Privacy Act of 1974; System of Records, 85 Fed. Reg. 31798, 31798-99 (May 27, 2020).[4] It does not address the new uses of the program, which include searching for data on natural born citizens, using datasets outside the DHS, and conducting searches in bulk. Each modification constitutes a substantial change that requires the DHS to update its SORN. The OSS cannot turn over its voter registration list until the DOJ provides adequate assurances that the DOJ will not use the data for a purpose prohibited by law.[5]

Accordingly, the OSS asks that the DOJ either withdraw its request or provide additional information to show the DOJ intends to use Minnesota's voter registration list for a purpose permitted by law. In particular, the OSS asks that the DOJ identify

---

[3] The OSS is aware that just this week, the Centers for Medicare and Medicaid Services confirmed that it shared Medicaid data with DHS to run through the SAVE program, adding further support to the OSS's concern regarding DOJ's true intentions for the requested data.
[4] Available at https://www.govinfo.gov/content/pkg/FR-2020-05-27/pdf/2020-11390.pdf.
[5] In addition, data matching against the SAVE program would not produce useful results. Eligible Minnesota voters need only provide the last four digits of their Social Security Number to register to vote. It is the OSS's understanding, based on briefings from the DHS, that the SAVE program cannot yet verify a person's citizenship using the last four digits of their Social Security Number. The OSS also does not have Social Security Number information for many of its voters because registrants must only provide that information if they do not have a driver's license or state identification card number, as required by HAVA. Even if these issues were resolved, the DHS has not yet provided adequate information for the OSS to assess whether the data matching in this program is accurate or reliable.

Veterans Service Building, Suite 210 | 20 W 12th Street | Saint Paul, MN 55155
Phone: 651-201-1324 or 1-877-600-8683 | Fax: 651-215-0682 | MN Relay Service: 711
E-mail: secretary.state@state.mn.us | Web site: www.sos.mn.gov

Exhibit 2-7

how it plans to use the data; what other agencies the DOJ intends to share the information with; what, if any, data matching the DOJ would conduct with the data (including what databases would be used to conduct that matching); and how its proposed uses are justified by federal law. The OSS also asks that the DOJ explain why its current Privacy Act disclosures related to HAVA justify obtaining personal identifying information on several million people. It would also be helpful to know, as part of this request, whether the DOJ has made demands of similar scope before and the context in which it made those demands. Please feel free to contact me if the DOJ would like to discuss these requests further.

### III. Minnesota's Public Information List is available consistent with Minnesota law.

Finally, while the OSS will not disclose private information on millions of Minnesotans at this time, Minnesota's public information list is available for purchase by any registered Minnesota voter who certifies they will use the list only for purposes related to elections, political activities, or law enforcement, and agrees not to distribute that list to any other person or entity or publish that information online. Minn. Stat. § 201.091, subd. 4. The public information list contains the name, address, year of birth, and voting history of each registered voter. *Id*. Information about purchasing the public information list is available at https://www.sos.mn.gov/election-administration-campaigns/data-maps/registered-voter-list-requests/.

Please feel free to contact me with any questions. As I stated above, the OSS would appreciate the opportunity to discuss this matter further with the DOJ in order to determine whether there are ways to address the DOJ's concerns without unnecessarily disclosing private data on millions of Minnesotans. Thank you for your attention to this matter.

Sincerely,

Justin R. Erickson
General Counsel

Veterans Service Building, Suite 210 | 20 W 12th Street | Saint Paul, MN 55155
Phone: 651-201-1324 or 1-877-600-8683 | Fax: 651-215-0682 | MN Relay Service: 711
E-mail: secretary.state@state.mn.us | Web site: www.sos.mn.gov

**Exhibit 2-8**