UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 25-cv-03761-KMM-EMB |
| Plaintiff, | |
| v. | **ORDER** |
| Steve Simon, in his official capacity as Secretary of State for the State of Minnesota, and the State of Minnesota | |
| Defendant. | |

Before the Court are two Motions to Intervene: the first filed by the Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez (Dkt. No. 5), and the second filed by the League of Women Voters Minnesota, Common Cause, Jennifer Compeau, and Valerie Mangskau (Dkt. No. 29) (collectively, "Proposed Defendant-Intervenors"). Although the United States of America initially opposed intervention, it now takes no position on the motions. (*See* Dkt. No. 60.) Likewise, Defendants do not oppose the requested relief. (*See* Dkt. No. 58.)

The Proposed Defendant-Intervenors request intervention as a right under Federal Rule of Civil Procedure 24(a) or, alternatively, permissive intervention under Rule 24(b). "Rule 24 is construed liberally, and [courts]

resolve all doubts in favor of the proposed intervenors." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995) (citing cases).  Because the Defendant-Intervenors move both as a matter of right and with the Court's permission, this Court may grant the motion on either or both bases. *See, e.g., Franconia Mins. (US) LLC v. United States*, 319 F.R.D. 261, 267 (D. Minn. 2017) (citing *City of Chicago v. FEMA*, 660 F.3d 980, 986 (7th Cir. 2011)). The Court finds permissive intervention proper.

As is relevant here, permissive intervention is appropriate if the proposed interventor "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Permissive intervention, which is highly discretionary, is appropriate if (1) "the motion to intervene is timely," (2) "the movant's claim shares a question of law or fact in common with the main action," and (3) intervention will not "unduly delay or prejudice adjudication of the original parties' rights." *Franconia Minerals*, 319 F.R.D. at 266.

Upon review of the record, the Court is satisfied that all three factors favor permissive intervention.[1]  Given that conclusion, and considering the

---

[1] Proposed Defendant-Intervenors argue they have Article III standing to intervene. S*ee Nat'l Parks Conservation Ass'n v. U.S. Envtl. Prot. Agency*, 759 F.3d 969, 974 (8th Cir. 2014) ("The requirements for Article III standing are (1) injury, (2) causation, and (3) redressability.").  To the extent such a showing is necessary, the Court is satisfied standing exists. *See Vershey v. Madison*, 19-CV-1625 (ECT/LIB), 2020 WL 13065430, at *3 (D. Minn. May 4, 2020) (recognizing "uncertainty over

lack of objection from any party, the Motions are GRANTED.  *See United States v. Oregon*, 6:25-CV-01666-MTK, 2025 WL 3496571, at *2 (D. Or. Dec. 5, 2025) (permitting intervention under similar facts); *United States v. Benson*, 1:25-CV-1148, 2025 WL 3520406, at *6 (W.D. Mich. Dec. 9, 2025) (permitting intervention of Michigan Alliance for Retired Americans).  Because the Court concludes permissive intervention is appropriate, it need not decide whether the Proposed Defendant-Intervenors are entitled to intervention as a right under Rule 24(a).  *Cf. Franconia Minerals*, 319 F.R.D. at 269 (declining to engage in Rule 24(a)(2) analysis after concluding permissive intervention was appropriate).

    IT IS HEREBY ORDERED that the Motions to Intervene (Dkts. No. 5, 29) are GRANTED.

Date: January 6, 2026

*s/Elsa M. Bullard*
ELSA M. BULLARD
United States Magistrate Judge

---

whether the Eighth Circuit requires intervenors to establish standing for both Rule 24(a) and Rule 24(b) intervention" (quotation omitted)); *United States v. Benson*, 1:25-CV-1148, 2025 WL 3520406, at *6 (W.D. Mich. Dec. 9, 2025) (concluding movants "seek[ing] to intervene as defendants[] are not required to demonstrate standing," but nevertheless finding particularized injury under similar circumstances) (citing *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663).