# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA,<br><br>                Defendants. | Case No. 25-cv-03761-KMM-EMB<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE** |

*Amici* Former Employees of the U.S. Department of Justice ("Former Employees") respectfully move for leave to file a brief in this matter as *amici curiae*. The proposed brief is attached to this motion.

The Former Employees are all attorneys who worked on voting enforcement in the Civil Rights Division of the U.S. Department of Justice (DOJ), either in DOJ's Voting Section, in the Appellate Section of the Civil Rights Division, or as political appointees. The identities of the individual *amici* are listed in Appendix A to the attached brief. Many of them made, reviewed, and approved information requests to States and localities under Title III of the Civil Rights Act of 1960, or have litigated under the Civil Rights Act, the National Voter Registration Act (NVRA), and the Help America Vote Act (HAVA) on behalf of the United States, while at DOJ. *Amici* have a strong interest in ensuring that Title III continues to provide for robust

disclosure and investigatory authority, but also that litigants and courts properly apply statutory text and precedent to avoid the sorts of abuses evidenced in this case.

The Court should exercise its discretion to allow the Former Employees to participate as *amici*. District courts have discretion to grant or deny motions to appear as amicus. *Minnesota Voters All. v. Ellison*, 749 F. Supp. 3d 983, 986 n.1 (D. Minn. 2024).[1] In deciding whether to accept amicus briefs, courts consider whether the "proffered information" is "timely" and "useful." *Id.* Courts also consider whether the "knowledge, experience and [] perspective" of the proposed amici will "assist the Court in its resolution of the issues." *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn. 1994), *rev'd in non-relevant part*, 85 F.3d 1295 (8th Cir. 1996). That can include movants' "unique perspective" on a case as well as their "level of expertise" in the subject matter relevant to the case. *North Dakota v. Heydinger*, No. 11-CV-3232 SRN/SER, 2013 WL 593898, at *7 (D. Minn. Feb. 15, 2013).

The Court should grant the Former Employees leave to file a brief because their perspective as *amici* will be useful to the Court's consideration of the factual and legal issues in the case, including in deciding Defendants' motions to dismiss. The Former Employees are in a unique position. As attorneys who worked on voting cases at DOJ, the Former Employees retain a great respect for DOJ's legitimate enforcement role and seek to avoid artificial limitations on its statutory authority. Yet at the same

---

[1] Unless otherwise noted, all emphasis is added and quotations are omitted.

1

time, their former roles as DOJ attorneys on voting cases gave them insight into and an appreciation for the statutory limits that prevent abuses of DOJ's enforcement authority. Given both their subject-matter expertise and their personal experience with the information-disclosure statutes at issue in this case, the Former Employees bring a uniquely helpful perspective. *See, e.g.*, *Heydinger*, 2013 WL 593898, at *7 (granting amicus status because "[m]ovants will likely have a unique perspective on this case and perhaps helpful information given their level of expertise").

The Former Employees also add new information relevant to the Court's decision-making. First, they provide details of prior DOJ information requests under Title III, from which the requests made to nearly all States over the past year are a marked departure. Second, they provide information on how any legitimate concerns about instances of illegal registration or voting could be appropriately handled. And third, they provide media stories and public statements from DOJ to help the Court to assess whether DOJ's proffered "purpose" for obtaining States' full, unredacted voter rolls, 52 U.S.C. § 20703, differs from its apparent true purpose.

The *amici* Former Employees of the U.S. Department of Justice therefore request leave to file the attached amicus brief.

| | |
|---|---|
| Dated: February 25, 2026 | Respectfully submitted, |
| Jonathan Rosenberg† <br> O'MELVENY & MYERS LLP <br> 1301 Avenue of the Americas, 17th Fl. <br> New York, NY 10019 <br> (212) 326-2000 | /S Andrew H. Mohring <br><br> Andrew H. Mohring <br> GOETZ & ECKLAND <br> 615 1st Avenue NE, Suite 425 |

jrosenberg@omm.com

Aisha Keown-Lang\*
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5231
akeown-lang@omm.com

\**pro hac vice motion forthcoming*
†*contributed to the brief but not appearing*

Minneapolis, MN 55413
Phone: (612) 874-1552
Fax: (612) 331-2473
amohring@igc.org

*Attorneys for* Amici Curiae *Former Employees of the U.S. Department of Justice*

3