UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA,<br><br>Defendants. | Case No. 25-cv-03761-KMM-EMB<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE** |

With the Court's permission, Former Employees of the U.S. Department of Justice (the "Former DOJ Employees") respectfully submit this reply in support of their Motion for Leave to File Brief as *Amici Curiae* ("Motion").

Some of what the Plaintiff states in its opposition is accurate. Plaintiff has filed complaints seeking comprehensive voter data, as here, in Maryland, Wisconsin, Massachusetts, New Hampshire, Colorado, and Hawaii, and in California, Michigan, and Maine. Like the NAACP, whose motion to intervene is pending in this case and who has moved to intervene in certain pending cases, the Former DOJ Employees have sought leave to file amicus briefing and to offer their unique perspective in each of the pending cases listed below.[1] While some of the motions are pending, all of those to

---

[1] *See United States v. DeMarinis*, Case No. 1:25-cv-03934 (D. Md. filed Dec. 1, 2025), Doc. 46, 48; *United States v. Wisc. Elections Comm'n*, Case No. 3:25-cv-01036 (W.D. Wis. filed Dec. 18, 2025), Doc. 61, 61-1; *United States v. Galvin*, Case No. 1:25-cv-13816 (D. Mass. filed Dec. 11, 2025), Doc. 66, 68; *United States v. NH*

1

have been decided have been granted except where moot.[2]  Granting this motion to allow an amicus brief would not only give this Court the benefit of an informed and experienced perspective on the issues in this lawsuit that it would otherwise lack.  It would also allow this Court to play from the same deck as the other courts addressing these complaints and the important issues they raise.

Beyond this, the opposition filed by Plaintiff, the United States government, represents a remarkable about-face.  On February 20, 2026—after the parties' briefing on the Motion to Dismiss—Plaintiff informed counsel for the Former DOJ Employees via email that it took no position on the Former DOJ Employees' Motion.  *See* Exhibit A, March 2, 2026, Declaration of Andrew Mohring.  Understanding that the Motion was unopposed, the Former DOJ Employees filed the Motion six days later, on February

---

*Secretary of State*, 1:25-cv-00371 (D.N.H filed Sept. 25, 2025), Doc. 43, 43-1; *United States v. Griswold*, Case No. 1:25-cv-03967 (D. Colo. filed Dec. 11, 2025), Doc. 44, 44-2; *United States v. Nago*, Case No. 1:25-cv-00522  (D. Haw. filed Dec. 11, 2025), Doc. 61, 61-2; *United States v. Weber*, Case No. 2:25-cv-09149-DOC-ADS (C.D. Cal. filed Dec. 21, 2025), Doc. 121 (filed post-briefing, pursuant to court order setting briefing schedule); *United States v. Benson*, Case No. 1:25-cv-01148 (W.D. Mich. filed Sept. 25, 2025), Doc. 64, 64-1 (filed post-briefing, unopposed by Plaintiff); *United States v. Bellows*, Case No. 1:25-cv-00468 (D. Me. filed Sept. 16, 2025), Doc. 91, 94 (same).

[2] *United States v. DeMarinis*, Case No. 1:25-cv-03934 (D. Md. filed Dec. 1, 2025), Doc. 47; *United States v. Wisc. Elections Comm'n*, Case No. 3:25-cv-01036 (W.D. Wis. filed Dec. 18, 2025), Doc. 64; *United States v. Galvin*, Case No. 1:25-cv-13816 (D. Mass. filed Dec. 11, 2025), Doc. 69; *United States v. Nago*, No. 1:25-cv-00522 (D. Haw. filed Dec. 11, 2025), Doc. 65; *United States v. Bellows*, Case No. 1:25-cv-00468 (D. Me. filed Sept. 16, 2025), Doc. 93.  The only denial was for mootness, after the court had already granted the motion to dismiss the complaint, the outcome that the amicus brief supported.  *United States v. Benson*, Case No. 1:25-cv-01148 (W.D. Mich. filed Sept. 25, 2025), Doc. 68.

26, 2026, and the Court granted the Motion the following day. Dkt. 129. It was only thereafter that Plaintiff decided—on second thought—that it would rather this Court not hear the Former DOJ Employees' persuasive arguments after all. Doc. 131. Thus, it is not the Motion that is a "thirteenth-hour filing," *id.* at 2; it is Plaintiff's reverse-course opposition to it.

"The amicus privilege rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn. 1994), *rev'd in non-relevant part*, 85 F.3d 1295 (8th Cir. 1996). No factor—including timeliness—is dispositive. *See, e.g.*, *Pavek v. Simon*, No. 19-CV-3000 (SRN/DTS), 2020 WL 1467008, at *3 (D. Minn. Mar. 26, 2020) (granting motion to file amici brief filed "six weeks after briefing was completed on the motion"). Plaintiff objects that the Motion is untimely and, thus, "prejudicial to the United States because it forecloses any opportunity for the United States to determine what, if any, response to provide to it." Doc. 131 at 2. This claim is untrue.

First, this Court has previously granted motions for leave to file amicus briefs filed "late in the briefing cycle"—even where (unlike here) that motion "may present an increased burden to Plaintiffs"—when the arguments made in the brief "may prove helpful to the Court." *Pavek*, 2020 WL 1467008, at *4. For the reasons explained in Former DOJ Employees' Memorandum in Support of the Motion, the unique "knowledge, experience and [] perspective" of the proposed amici and the new

3

information provided in their brief will "assist the Court in its resolution of the issues." *Mausolf*, 158 F.R.D. at 148.

    Second, there is no prejudice to Plaintiff. Indeed, the lack of prejudice is demonstrated not only from Plaintiff's previous non-opposition, but also from Plaintiff's own words. Plaintiff notes that "Movants filed the same brief in litigation in other districts, including in California and Wisconsin, over two months ago."[3] Exactly. Plaintiff has thus been fully aware of the Former DOJ Employees' arguments for more than two months. Plaintiff's new position—on reconsideration, after this Court had already granted leave—that this Court should not get the benefit that other district courts are obtaining of the proposed amici's "knowledge, experience and [] perspective" does not constitute genuine prejudice.

    Notably, Plaintiff has not even responded to the Former DOJ Employees' amicus briefs in any of the Civil Rights Acts cases that Plaintiff cites—regardless whether filed pre- or post-motion-to-dismiss-briefing.[4] Thus, Plaintiff's "thirteenth-hour" opposition

---

[3] The brief that the Former DOJ Employees seek to file here differs from those they filed in the cases cited by the DOJ in (i) discussing only the claims the DOJ is pursuing in this case, which differ from those in other cases because Minnesota is not subject to the National Voter Registration Act; (ii) citing case law in this Circuit; and (iii) addressing factual information specific to this case and certain factual developments that have taken place since the California brief was filed—for example, the Letter Attorney General Pam Bondi sent to Minnesota Governor Tim Walz on January 24, 2026. Letter from Pamela Bondi, U.S. Att'y Gen., to Tim Walz, Gov. of Minn. 2 (Jan. 24, 2026), https://perma.cc/34U4-3SK3. See Doc. 123.

[4] *See, e.g.*, *United States v. Wisc. Elections Comm'n*, Case No. 3:25-cv-01036 (W.D. Wis. filed Dec. 18, 2025), Doc. 61-1 (filed pre-briefing, unopposed by Plaintiff); *United States v. Weber*, No. 2:25-cv-09149-DOC-ADS (C.D. Cal. Filed Dec. 21,

4

offers no meaningful reason to deprive this Court of the benefit of the same arguments and perspective, to which Plaintiff has offered no answer elsewhere. That position sems at odds with a DOJ Civil Rights Division that professes dedication to "earn[ing] the public's trust by following the facts and the law wherever they may lead, without prejudice or improper influence."[5]

Former DOJ Employees respectfully request leave to file the amicus brief submitted with their Motion.

Dated: March 2, 2026

Jonathan Rosenberg†
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th Fl.
New York, NY 10019
(212) 326-2000
jrosenberg@omm.com

Aisha Keown-Lang*
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, DC 20006
(202) 383-5231
akeown-lang@omm.com

*pro hac vice

Respectfully submitted,

/s Andrew H. Mohring

Andrew H. Mohring
GOETZ & ECKLAND
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413
Phone: (612) 874-1552
Fax: (612) 331-2473
amohring@igc.org

*Attorneys for* Amici Curiae *Former Employees of the U.S. Department of Justice*

---

2025), Doc. 121 (filed post-briefing, pursuant to court order setting briefing schedule); *see also United States v. Benson*, Case No. 1:25-cv-01148 (W.D. Mich. filed Sept. 25, 2025), Doc. 64 (filed post-briefing, unopposed by Plaintiff); *United States v. Bellows*, Case No. 1:25-cv-00468 (D. Me. filed Sept. 16, 2025), Doc. 92 (same).
[5] *About DOJ*, U.S. Department of Justice, https://www.justice.gov/about (last visited February 28, 2026).

*†contributed to the brief but not appearing*