**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,
        *Plaintiff*,

  v.

STEVE SIMON, in his official capacity as
Secretary of State for the State of Minnesota, and
the State of Minnesota,
        *Defendants*.

Case No. 25-cv-03761-
KMM-EMB

**REPLY MOTION AND INCORPORATED MEMORANDUM OF THE
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED
PEOPLE AND CYNTHIA WILSON IN FURTHER SUPPORT OF THEIR
MOTION TO INTERVENE**

Because the National Association for the Advancement of Colored People ("NAACP") and Cynthia Wilson (collectively, "Proposed Intervenors") have unique interests rooted in protecting voters from racial discrimination and intimidation not adequately represented by any other party, and because their participation will not prejudice Plaintiff or delay appropriate civil judicial proceedings in this case, they respectfully request that this Court grant their Motion to Intervene as Defendants pursuant to Federal Rule of Civil Procedure 24.

I. **The CRA Does Not Limit Party-Defendants to "Officers of Election," and Plaintiff's Statutory Argument Cannot Bar Intervention.**

Plaintiff's argument that the text of the Civil Rights Act of 1960 ("CRA") limits party defendants in an enforcement action to "officers of election" and forecloses intervention by private organizations or individuals, ECF 164 at 11–13, improperly conflates who may be named as an original defendant with the distinct question of who may intervene under Federal Rule of Civil Procedure 24. Nothing in the CRA restricts Rule 24's operation. Indeed, the Supreme Court has recognized that intervention is permitted even where the statute at issue does not provide for a private cause of action. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 (1972) (allowing intervention even though there was no statutory right to initiate a suit). Critically, several district courts confronting identical CRA actions have granted intervention to voters and organizations, including the NAACP, confirming that the CRA's designation of "officers of election" as defendants does not foreclose intervention under Rule 24. *See* Proposed Intervenors' Memorandum of Law in Support of Motion to Intervene, ECF 134 at 17 (collecting cases). This Court

1

previously granted permissive intervention to other parties in this very case. *See* ECF No. 90. The DOJ's attempt to read Rule 24 out of CRA proceedings is inconsistent with these decisions and unsupported by the statutory text.

## II.    The Motion to Intervene Is Timely.

### A.    *Plaintiff's Claim of Prejudice Hinges on the Erroneous Assumption That This Case Is a Summary Proceeding*

Plaintiff identifies no prejudice should this case proceed on a normal civil litigation track as opposed to a summary proceeding. That very issue is pending before the Court in the motion to compel and should be decided against Plaintiff. The question of prejudice aside, Proposed Intervenors filed their Motion *before* any dispositive motions were argued or decided, and before discovery had commenced. The DOJ responds by arguing that this CRA action is "a special statutory proceeding" akin to "a summary proceeding" that should be treated "with expedition," and thus Proposed Intervenors are entering proceedings at the end, not the beginning of the litigation. ECF 164 at 7, 10 (citing *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962)). That argument is untenable. Title III requires that any demand for records "shall contain a statement of the basis and purpose therefor." 52 U.S.C. § 20703. Those requirements would be meaningless if the Government could invoke a "summary proceeding" to foreclose inquiry into compliance. Moreover, *Lynd* arose in a fundamentally different posture: Unlike *Lynd*, this case concerns the purely legal question of whether Title III authorizes the Government to demand production of *full* voter rolls—including sensitive voter information—for purposes unrelated to the CRA. Such an unmixed issue of law is subject to judicial review, at least absent a clear congressional statement to the

2

contrary. *See United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 817 (8th Cir. 2012) (courts must not "enforce an administrative subpoena" that is not "issued . . . for a lawful purpose" or if the evidence sought is not "relevant to [that] lawful purpose").

In any event, the Supreme Court undermined *Lynd* two years later by holding that records requests like those authorized by Title III *are* subject to judicial review. *United States v. Powell*, 379 U.S. 48, 52–53, 58 (1964) (courts may "inquire into the underlying reasons for the examination" when the Treasury Secretary performs an "inspection of a taxpayer's books"); *see also Reisman v. Caplin*, 375 U.S. 440, 445-46 (1964) (Section 7402 of the Internal Revenue Code, which grants courts jurisdiction "by appropriate process to compel . . . attendance, testimony, or production," guarantees "a judicial determination of the challenges to the summons"). That is why every other court to have considered DOJ's argument that *Lynd* shields its Title III requests from judicial review has rejected it. *See United States v. Oregon*, 2026 WL 318402, at *8 (D. Or. Feb. 5, 2026); *United States v. Weber*, 2026 WL 118807, at *8–9 (C.D. Cal. Jan. 15, 2026); *see also United States v. Benson*, 2026 WL 362789, at *7–11 (W.D. Mich. Feb. 10, 2026).

### B. Proposed Intervenors' Joinder Demonstrates Granting Intervention Will Not Cause Prejudice or Delay.

Plaintiff warns of prejudice if "the NAACP Movants intend to file their own motion to dismiss months after the other Intervenor-Defendants filed theirs." ECF 164 at 10. This concern is baseless. Proposed Intervenors have not filed a motion to dismiss, nor do they intend to do so. *See* ECF 132. Proposed Intervenors filed a joinder to the State's Motion to

Dismiss (ECF 63) rather than introducing independent dispositive motions, reflecting the efficiency courts favor. *See United States v. Union Elec. Co*., 64 F.3d 1152, 1159 (8th Cir. 1995)*.* Accordingly, there can be no prejudice in permitting intervention. And should the Court deny the Motions to Dismiss, intervention will permit Proposed Intervenors to participate meaningfully and efficiently in discovery, summary judgment, and any appeal.

### C. Extraordinary Developments in Minnesota Justified the Timing of the Motion.

Proposed Intervenors acted promptly in response to new developments, including DOJ's data-sharing agreement with a partisan organization, racially targeted federal enforcement actions, and the Attorney General's apparent attempt to condition a cessation of ICE activity in Minnesota on the State's surrender of its unredacted voter rolls. These threats bear directly on the NAACP's mission of racial justice and specifically target its members and voters of color. ECF 134 at 24; ECF 134-3 ¶¶ 12–14. These extraordinary circumstances precipitated Proposed Intervenors' effort to join this litigation and fully justify the timing of their motion.

### III. The NAACP's Interests Are Not Adequately Represented, and Proposed Intervenors Have Standing.

Plaintiff contends that existing parties adequately represent Proposed Intervenors' interests and that Proposed Intervenors lack Article III standing because they present only a "generalized interest." ECF 164 at 4-5, 11-14. Both arguments fail.

The NAACP's interests are not coextensive with those of Minnesota. The NAACP asserts interests rooted in protecting members from racial discrimination in voting and intimidation, while the State must balance registrants' privacy against disclosure

obligations and may face federal pressure including threats to withhold funding. ECF 134 at 23–24. No existing Intervenor-Defendant is a racial justice organization representing the distinct perspective of Black voters disproportionately chilled by this lawsuit. The NAACP's historical role in the passage and enforcement of the CRA provides it with a unique perspective on the history and purpose of federal civil rights protections that no other party can offer.

Plaintiff's standing argument also fails because it ignores Cynthia Wilson, a registered Minnesota voter who has not consented to disclosure of her sensitive personal information. ECF 134-4 at ¶¶ 3–4, 5, 8–9. The "nonconsensual dissemination of [her] personal information" is a concrete, particularized, and imminent injury. *Am. Farm Bureau Fed'n v. EPA*, 836 F.3d 963, 968 (8th Cir. 2016). Additionally, NAACP has associational standing because its members would have standing in their own right, the interests at stake are germane to its purpose, and neither the claim nor the relief requires individual members' participation. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). The personal data of NAACP's more than one thousand registered Black Minnesota members are protected under Minnesota law and are at risk of disclosure. ECF 134 at 1, 6–7, 12; ECF 134-3 at ¶¶ 5, 12-14.

Even if the Court is inclined to grant the motion to dismiss, NAACP and Ms. Wilson's unique interests should be represented in the event of an appeal or further proceedings. The liberal standard under Rule 24 counsels in favor of intervention. *Union Elec. Co.*, 64 F.3d at 1158.

Dated: March 18, 2026

Respectfully submitted,

By: */s/ Reema Shah*

LATHROP GPM LLP
Amy Erickson (MN Bar #0399214)
Pierce Rose (MN Bar #0506799)
3100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612-632-3000
amy.erickson@lathropgpm.com
pierce.rose@lathropgpm.com

Leah Frazier*
Robert N. Weiner*
Gillian Cassell-Stiga*
Catherine Meza*
Samantha Heyward*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8600
lfrazier@lawyerscommittee.org
rweiner@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org
cmeza@lawyerscommittee.org
sheyward@lawyerscommittee.org

Reema Shah*
Anton Metlitsky*
Andrew Frackman*
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10018
Tel: (212) 326-2000
rshah@omm.com
ametlitsky@omm.com
afrackman@omm.com

6

Noah B. Bokat-Lindell*
Gabrielle S. Jackson*
O'MELVENY & MYERS LLP
1625 Eye Street NW, 10th Floor
Washington, DC 20006
Tel: (202) 383-5300
nbokat-lindell@omm.com
*Pro hac vice

*Attorneys for Proposed Intervenors*