**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | |
| STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA, | Case No. 25-cv-3761 (KMM/EMB) |
| *Defendants*. | |

**INTERVENORS MINNESOTA ALLIANCE FOR RETIRED AMERICANS EDUCATIONAL FUND AND MISAEL HERNANDEZ'S FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez ("Alliance Intervenors") respectfully provide notice of supplemental authority supporting their pending Motion to Dismiss. *See* ECF Nos. 78, 80. Recently, a federal district court in Arizona dismissed DOJ's parallel suit seeking Arizona's unredacted statewide voter registration list. *See generally United States v. Fontes*, No. CV-26-00066-PHX-SMB, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026) (attached as Exhibit A). The court first determined, like every other court to reach the issue in DOJ's ongoing suits, that the Federal Rules of Civil Procedure govern these actions, rendering Rule 12(b)(6) motions proper. *See id.* at *1 & n.1. Next, the Arizona court dismissed DOJ's single-count complaint under the Civil Rights Act of 1960 on the basis that the State's voter registration list is not a record or paper subject to Title III of the Civil Rights Act. *See id.* at *5, *7.

1

Specifically, the Arizona court held a statewide voter list does not "come into [the] possession" of state election officials under the Civil Rights Act because that term refers to records and papers that election officials receive from external sources—not those, like a voter list, that the State itself creates. *Id.* at *3 (quoting 52 U.S.C. § 20701). It further explained that DOJ's view is incompatible with other statutes, including the Help America Vote Act (HAVA): the Civil Rights Act makes election officials criminally liable for altering election records, but HAVA requires those officials to perform maintenance on the voter list continually. *See id.* at *4–5; *see also* 52 U.S.C. § 21083(a)(2)(A) (requiring States to perform list maintenance "on a regular basis"). Intervenors made similar arguments in the joint supplemental brief. *See* ECF No. 172 at 5–7.

In sum, six district courts have now dismissed DOJ's complaints in these matters, whereas not one has found it to have stated a valid claim. These decisions support Alliance Intervenors' position that this action should similarly be dismissed. *See* ECF Nos. 78, 80.

Dated: May 1, 2026                          Respectfully submitted,

ELIAS LAW GROUP LLP                         GREENE ESPEL PLLP

UZOMA N. NKWONTA*                           /s/ Katherine M. Swenson
ROBERT GOLAN-VILELLA*                       SYBIL L. DUNLOP, No. 390186
TINA MENG MORRISON*                         KATHERINE M. SWENSON, No. 0389280
JULIANNA D. ASTARITA*                       KSHITHIJ SHRINATH, No. 0505164
250 Massachusetts Ave NW, Suite 400         222 S. Ninth Street, Suite 2200
Washington, DC 20001                        Minneapolis, MN 55402
Telephone: (202) 968-4490                   Telephone: (612) 373-0830
unkwonta@elias.law                          sdunlop@greeneespel.com
rgolanvilella@elias.law                     kswenson@greeneespel.com
tmengmorrison@elias.law                     kshrinath@greeneespel.com
jastarita@elias.law

*Attorneys for Intervenors*
*Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*

2