UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA

Plaintiff,

v.

STEVE SIMON, in his official capacity
as Secretary of State for the State of
Minnesota, and the STATE OF
MINNESOTA,

Defendants.

Case No. 25-cv-3761-KMM-EMB

**PLAINTIFF UNITED STATES' RESPONSE TO
NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 184)**

The United States respectfully submits this response to the Notice of Supplemental Authority filed by Intervenors Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez ("Alliance Intervenors").  (Dkt. 184.)

In *United States v. Fontes*, Case No. 2:26-cv-00066 (D. Ariz. Apr. 28, 2026), the district court repeated the errors made in *United States v. Benson*, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal pending*, No. 26-1225 (6th Cir.), ruling that voter registration lists (VRLs) do not "come into … possession" of an election officer.   The court compounded that error by reasoning that a "record" covered by 52 U.S.C. 20701 does not include a VRL because the NVRA and HAVA require VRLs to be constantly "altered," in supposed violation of 52 U.S.C. 20702.  *Fontes* is wrong on both points, which have been briefed in pending appeals before the Sixth Circuit, *see Benson*, No. 26-1225, and the Ninth Circuit, *see United States v. Oregon*, No. 26-1231, and *United States v. Weber*, No. 26-1232.

First, when a word is undefined in a statute, courts "give the term its ordinary meaning." *Taniguchi v. Kan Pacific Saipan, Ltd*., 566 U.S. 560, 566 (2012).  Secretaries

of State "come[] into possession" of VRLs when they acquire them in the conduct of their official responsibilities, regardless of the information's source. *See Webster's New World Dictionary of the American Language*, 291, 1140 (8th coll. ed. 1960); Brief for the United States, *United States v. Benson*, No. 26-1225 (6th Cir.), Dkt. 25, 15-22.

Second, *Fontes'* distorted construction of § 20702 does not justify its misapplication of § 20701. Title III's prohibition on the willful alteration of records cannot apply to VRL maintenance. The surrounding verbs elucidate the meaning of "alter" in this provision. *Fischer v. United States*, 603 U.S. 480, 487 (2024). Those verbs all describe actions typically taken to make a document unavailable, inaccessible, or inaccurate for evidentiary purposes. *Id.* at 489-90 (analyzing similar list of verbs). And the use of "willfully" in criminal statutes generally requires the defendant to act "with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 192 (1998). List maintenance is a statutory duty, not unlawful conduct.

DATED: May 1, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ *Brittany E. Bennett*
JAMES THOMAS TUCKER
BRITTANY E. BENNETT
Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
james.t.tucker@usdoj.gov
brittany.bennett@usdoj.gov
Tel. (202) 307-2767
Attorneys for the United States

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026 a true and correct copy of the foregoing

document was served via the Court's ECF system to all counsel of record.


/s/ *Brittany E. Bennett*

BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice

3