UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

vs.

Steve Simon in his official capacity as Secretary of State for the State of Minnesota, and the State of Minnesota,

        Defendants.

Civil No. 25-cv-03761 (KMM/EMB)

**STATE DEFENDANTS AND INTERVENOR-DEFENDANTS' JOINT RESPONSE TO NOTICE OF ADDITIONAL BASIS**

On April 17, 2026, the United States filed a "notice of additional basis," citing a letter that it sent to the Secretary of State the same day. (ECF 178, 180-1.) It asks the Court to consider the letter as providing an additional factual basis for the voter-data demand underlying this litigation. (*Id.*) The Court should disregard the notice because it impermissibly tries to amend the complaint. And even if the Court considers the notice, the Court should still dismiss the case. The notice does not cure the problems with the underlying demand and instead highlights the United States' lack of good faith in demanding data and filing this lawsuit.

## FACTS

The United States filed this lawsuit in September 2025, after the U.S. Department of Justice (DOJ) sent two letters to the Minnesota Secretary of State last summer. (ECF 1.) The letters requested the state's voter-registration data, and the United States asserts a right to the data under Title III of the Civil Rights Act of 1960. (*Id.*) A proper Title III demand must be in writing and state "the basis and the purpose therefor." 52 U.S.C. § 20703. From

the start, the state defendants and the intervenor defendants have argued that DOJ did not provide a factual basis for the demand, and that DOJ's claimed purpose—assessing HAVA compliance—exceeded the scope of Title III. (*E.g.*, ECF 65 at 21; ECF 66-1 at 11; ECF 66-2 at 4; ECF 80 at 17-19; ECF 86 at 20-27; ECF 103 at 10-11; ECF 105 at 20-23; ECF 112 at 9, 11; ECF 114 at 10-15; ECF 115 at 12-20.) All defendants' motions to dismiss, along with the United States' motion to compel, were fully briefed in February, and the Court heard argument in early March. (ECF 157.) In its motion to compel, the United States did not claim any basis for its data demand. (ECF 72.) And in response to the defendants' motions to dismiss, it argued only that its general citations to Title III satisfied the basis requirement, despite the absence of any allegation regarding an ongoing Title III investigation. (ECF 102 at 18-19.)

After the matters were fully briefed and more than one month after oral argument, the United States filed the current "notice of additional basis," attaching a new April 2026 letter that DOJ sent to the Secretary. The United States claims the letter "provides an additional factual basis" for its data demand. (ECF 178, 180-1.) The letter cites an April 2026 news article reporting criminal charges against someone who allegedly voted when ineligible to do so. (ECF 180 at 1 n.1.)

## ARGUMENT

The Court should not consider the United States' notice because it is procedurally improper and substantively irrelevant. DOJ cannot manufacture additional support for its complaint, and even if it could, DOJ's new demand would still fall outside of Title III's scope. At best, the notice highlights that the United States lacked good faith when

demanding Minnesota's voter-registration data and that it seeks the data for an improper purpose.

## I.    THE NOTICE IMPROPERLY ATTEMPTS TO AMEND THE COMPLAINT.

The notice is procedurally improper because the United States purports to introduce new factual grounds for its complaint without moving to amend the complaint. Neither the United States' complaint nor its motion to compel alleged any specific factual basis for DOJ's 2025 demands beyond a generalized claimed goal of assessing HAVA compliance. And, as to that goal, neither the complaint nor the motion to compel identified any real or potential HAVA violations. Now, however, the United States appears to ask the Court to consider a supposed factual basis by adding new allegations to the case without actually moving to amend the complaint. Under the guise of a "notice," the United States relies on self-created facts (in the form of a new DOJ letter) to supposedly cure the deficiencies in its prior demand to the Secretary or otherwise expand the record of factual allegations before the Court as it considers defendants' motions to dismiss.

Court rules prohibit this procedure. Amending a complaint or prior pleading requires following specific procedures. *See, e.g.*, Fed. R. Civ. P. 15(a)(2) (requiring consent or leave of court to amend complaint when more than 21 days have passed since filing of responsive pleading to original complaint); *Id.* 15(d) (requiring motion for other supplemental pleadings); L.R. 15.1 (outlining requirements for amending pleadings). The United States did not follow these procedures.[1] Because the notice is not a proper

---

[1] Because no motion to amend or supplement is before the Court, the defendants will not meaningfully address the merits of any prospective motion. But the timing of, and claimed

amendment, the Court should disregard it.

## II. DOJ'S NEW DEMAND DOES NOT ESTABLISH A BASIS FOR A TITLE III DEMAND AND INSTEAD SHOWS ITS PRIOR DEMAND LACKED GOOD FAITH.

Even if the Court considers the notice, the Court should still dismiss the complaint and deny the United States' motion to compel. As fully briefed and argued by the defendants, DOJ lacks legal authority to demand voter-roll data to assess HAVA compliance. Thus, even if the United States could resolve its factual basis problem by writing a new letter and filing it as a "supplemental basis," it still lacks a case.

The notice is inconsequential for two primary reasons. First, when the law requires the federal government to provide a notice, it must provide *a* notice. *Niz-Chavez v. Garland*, 593 U.S. 155, 160-61 (2021). This means providing all statutorily required information in a single document, not providing "a mishmash of pieces with some

---

need for, the new notice are curious. Relative to this litigation, no new circumstances warrant the claimed curing letter. The Secretary raised the deficiencies in DOJ's letters before this litigation, and all defendants reiterated those deficiencies in briefing last year. (ECF 65; ECF 80; ECF 86.) Before filing the current notice, the United States filed a separate notice, connecting the need for a curing letter to another court's recent dismissal of related litigation. (ECF 177 at 2.) But although that court held the United States failed to state a basis, its reasoning mirrored that in the defendants' briefing and in other cited decisions: Title III requires a *factual* basis. *United States v. Galvin*, No. 25-13816, 2026 WL 972129, at *3-4 (D. Mass. Apr. 9, 2026); *United States v. Oregon*, No. 6:25-cv-1666, 2026 WL 318402, at *8-9 (D. Or. Feb. 5, 2026), *appeal docketed*, No. 26-1231 (9th Cir. Mar. 3, 2026); *United States v. Weber*, No. 2:25-cv-9149, 2026 WL 118807, at *9 (C.D. Cal. Jan. 15, 2026), *appeal docketed*, No. 26-1232 (9th Cir. Mar. 3, 2026); *see also United States v. Amore*, No. 25-cv-639, 2026 WL 1040637, at *5-6 (D.R.I. Apr. 17, 2026) (reaching same conclusion and rejecting request to file curing letter). The defendants also note that any motion to amend the complaint based on DOJ's "notice of additional basis" would be inherently improper: because DOJ issued the April 17 letter after the date of its complaint, any claims arising from the letter would require a supplemental pleading rather than an amended complaint. Fed. R. Civ. P. 15(d).

assembly required." *Id.* at 161. The same principles apply to Title III demands. Title III requires that "[t]*his* demand" must "contain *a* statement of the basis and the purpose therefor." 52 U.S.C. § 20703 (emphases added). DOJ cannot cobble together a valid demand through a series of invalid pieces spread across nearly ten months of correspondence.

Second, the demand still does not provide a factual basis as required by Title III. There remains no suggestion of potential voting-rights violations. Instead, the letter purports to rely on recent public reporting to support DOJ's supposed entitlement to the voter list to investigate Minnesota's HAVA compliance. As previously briefed, HAVA requires states to have general systems of list maintenance that make reasonable efforts to update voter-registration lists. 52 U.S.C. § 21083(a)(4); *e.g.*, ECF 65 at 15-17. Alleging that individuals should not be on a voter-registration list does not provide grounds for suspecting a HAVA violation. *E.g.*, *Pub. Int. Legal Found. v. Benson*, 136 F.4th 613, 625-26 (6th Cir. 2025), *cert. denied*, No. 25-437, 2026 WL 568298. No. 25-437 (U.S. Mar. 2, 2026); *see also*, *e.g.*, ECF 65 at 15-16, ECF 80 at 19, ECF 86 at 23, ECF 112 at 8-9. This is particularly true here, where the United States cites allegations that a person criminally circumvented the state's system by voting when ineligible and was caught. These allegations do not provide a basis for asserting Minnesota lacks a general system of list maintenance that makes reasonable efforts.

Tellingly, in its notice and letter, DOJ does not point to a single provision of HAVA that it even suggests may have been violated. Instead, the new demand shows that DOJ's prior demand lacked a good-faith basis. After nearly a year of correspondence and

litigation, the United States finally identified the supposed facts supporting its data demand: an April *2026* news article describing an instance in which an individual allegedly perjured himself, submitted a ballot when ineligible to do so, and was criminally charged by the state. April 2026 media reports cannot have been a basis for the demands made in 2025, and DOJ's reliance on that recent reporting demonstrates that the demands made in the summer of 2025 (which are the foundation of its 2025 complaint) lacked good faith.

### III.    THE NOTICE REINFORCES THAT DOJ'S DEMANDS HAVE AN IMPROPER PURPOSE.

To the extent that the Court considers the notice, it also highlights that DOJ's 2025 demand letters and lawsuit were not for a legitimate purpose under Title III. As previously briefed, DOJ's first 2025 letter did not invoke Title III at all, and therefore—contrary to the new letter's first paragraph—it did not seek data for a Title III purpose. (ECF 66-1 at 1-3.) Moreover, across the pending motions, the defendants explained that DOJ's purported general HAVA-compliance assessment does not meet this standard. (*E.g.*, ECF 65 at 20-28; ECF 80 at 16-19; ECF 86 at 15-18.)

In the new letter, DOJ cites federal criminal laws and asserts that it seeks Minnesota voters' data to verify that no other ineligible person is registered to vote. (ECF 180-1 at 1-2.) This confirms that the United States does not have a statutorily proper purpose to support a Title III demand. Instead, it seeks to use the data for other purposes, such as performing its own list maintenance. Federal law reserves that role to the states, and therefore DOJ's demands are for an improper purpose falling outside DOJ's Title III authority. 52 U.S.C. §§ 21083, 21085.

6

**CONCLUSION**

The Court should disregard the notice as an improper attempt by the United States to amend its complaint through a unilateral notice that does not comply with the rules of civil procedure. And to the extent that the Court considers the notice, it does not provide a factual basis for a civil-rights investigation and instead supports dismissal of the case.

Dated: <u>May 4, 2026</u>                                    Respectfully submitted,

**For Defendants Steve Simon and State of Minnesota:**

<div style="margin-left:40%">

KEITH ELLISON
Attorney General
State of Minnesota

<u>/s/**Angela Behrens**</u>
ANGELA BEHRENS, No. 0351076
LINDSEY MIDDLECAMP, No. 0392589
ALLEN COOK BARR, No. 0399094
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, MN 55101-2125
(651) 757-1204 (Voice)
(651) 297-1235 (Fax)
angela.behrens@ag.state.mn.us
lindsey.middlecamp@ag.state.mn.us
allen.barr@ag.state.mn.us

</div>

**For Intervenor-Defendants Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez:**

ELIAS LAW GROUP

UZOMA N. NKWONTA*
ROBERT GOLAN-VILELLA*
TINA MENG MORRISON*
JULIANNA D. ASTARITA*
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 968-4490
unkwonta@elias.law
rgolanvilella@elias.law
tmengmorrison@elias.law
jastarita@elias.law

GREENE ESPEL PLLP

**/s/ Uzoma N. Nkwonta**
SYBIL L. DUNLOP, No. 390186
KATHERINE M. SWENSON, No. 0389280
KSHITHIJ SHRINATH, No. 0505164

222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 373-0830
sdunlop@greeneespel.com
kswenson@greeneespel.com
kshrinath@greeneespel.com

**For Intervenor-Defendants League of Women Voters Minnesota, Common Cause, Jennifer Compeau, and Valerie Mangskau:**

AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA

TERESA J. NELSON, No. 0269736
DAVID P. MCKINNEY, No. 0392361
2828 University Ave SE
Minneapolis, MN 55414
(651) 645-4097
tnelson@aclu-mn.org
dmckinney@aclu-mn.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

THERESA J. LEE*
SOPHIA LIN LAKIN*
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
tlee@aclu.org
slakin@aclu.org

STOEL RIVES LLP

**/s/ David McKinney**
ANDREW J. PIEPER, No. 0389262
HEATHER R. CHANG, No. 0403836
33 South Sixth Street, Suite 4200
Minneapolis, MN 55402
(612) 373-8898
andrew.pieper@stoel.com
heather.chang@stoel.com

8

PATRICIA J. YAN*
915 15th Street NW
Washington, DC 20005
(202) 457-0800
pyan@aclu.org

**For Intervenor-Defendants National Association for the Advancement of Colored People and Cynthia Wilson:**

O'MELVENY & MEYERS LLP

Reema Shah*
Anton Metlitsky*
Andrew Frackman*
O'Melveny & Meyers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10018
Tel: (212) 326-2000
rshah@omm.com
ametlitsky@omm.com
afrackman@omm.com

Noah B. Bokat-Lindell*
Gabrielle S. Jackson*
O'Melveny & Meyers LLP
1625 Eye Street NW, 10th Floor
Washington, DC 20006
Tel: (202) 383-5300
nbokat-lindell@omm.com
gjackson@omm.com

*Admitted Pro Hac Vice

LATHROP GPM LLP

**/s/ Amy Erickson**
AMY ERICKSON (MN Bar #0399214)
PIERCE ROSE (MN Bar #0506799)
3100 IDS Center
80 South 8th Street
Minneapolis, MN 55402

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW

Leah Frazier*
Robert N. Weiner*
Gillian Cassell-Stiga*
Catherine Meza*
Samantha Heyward*
Lawyers' Committee for Civil Rights
Under Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8600
lfrazier@lawyerscommittee.org
rweiner@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org
cmeza@lawyerscommittee.org
sheyward@lawyerscommittee.org

9