# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      *Plaintiff*,

      v.

STEVE SIMON, in his official capacity as
Secretary of State for the State of
Minnesota, and the STATE OF
MINNESOTA,

      *Defendants*.

Case No. 25-cv-3761 (KMM/EMB)

## INTERVENORS MINNESOTA ALLIANCE FOR RETIRED AMERICANS EDUCATIONAL FUND AND MISAEL HERNANDEZ'S SIXTH NOTICE OF SUPPLEMENTAL AUTHORITY

Intervenors Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez respectfully provide the Court notice of supplemental authority supporting their pending Motion to Dismiss. *See* ECF Nos. 78, 80. In DOJ's parallel suit seeking Michigan's unredacted voter list, the Sixth Circuit recently affirmed dismissal of DOJ's complaint. *See United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026).

In that opinion, the Sixth Circuit held that DOJ failed to state both the basis and the purpose for its demand in a single letter, as the Civil Rights Act of 1960 ("CRA") requires. *Benson*, 2026 WL 1815425, at *8; *see* ECF No. 80 at 12–14. The court emphasized that because the CRA requires that a demand "shall" contain a statement of both the basis "and" the purpose, the statute "creates an obligation" to include both components that is

1

"impervious to judicial discretion." *Benson*, 2026 WL 1815425, at *8 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024)). And because DOJ failed to comply with this mandatory statutory obligation under Title III, it cannot compel the state to produce its unredacted voter file. *Id.*

The Sixth Circuit also held that a statewide voter list "is an internally generated electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the CRA. *Id.* at *5. In reaching this conclusion, the court looked to dictionary definitions, ordinary usage, and statutory context. *Id.* at *4–5. The court explained that construing the CRA to cover voter lists, as DOJ urges, would put the CRA "on a collision course with the [National Voter Registration Act] and [Help America Vote Act]" because those statutes require election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. *Id.* at *5–6. The court also explained that reading the CRA to extend to all records in the possession of election officials would render the phrase "come into" superfluous. *Id.* at *6. And the court rejected many of the same counterarguments DOJ advanced here, such as its contention that the phrase "come into possession" creates a "temporal distinction." *Id.* at *6–8; *see* ECF No. 171 at 6–7.

DOJ's arguments have now been rejected by ten federal courts, including one court of appeals. Not a single court has concluded that DOJ stated a viable claim.

Dated: June 26, 2026                          Respectfully submitted,

ELIAS LAW GROUP LLP                           GREENE ESPEL PLLP

UZOMA N. NKWONTA*                             */s/* Katherine M. Swenson
ROBERT GOLAN-VILELLA*                         SYBIL L. DUNLOP, No. 390186
TINA MENG MORRISON*                           KATHERINE M. SWENSON, No. 0389280
JULIANNA D. ASTARITA*                         KSHITHIJ SHRINATH, No. 0505164
250 Massachusetts Ave NW, Suite 400           222 S. Ninth Street, Suite 2200
Washington, DC 20001                          Minneapolis, MN 55402
Telephone: (202) 948-1135                     Telephone: (612) 373-0830
unkwonta@elias.law                            sdunlop@greeneespel.com
rgolanvilella@elias.law                       kswenson@greeneespel.com
tmengmorrison@elias.law                       kshrinath@greeneespel.com
jastarita@elias.law

*Admitted *pro hac vice*

*Attorneys for Intervenors*
*Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*