# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA,<br><br>*Defendants*. | Case No. 25-cv-3761 (KMM/EMB) |

## INTERVENORS MINNESOTA ALLIANCE FOR RETIRED AMERICANS EDUCATIONAL FUND AND MISAEL HERNANDEZ'S SEVENTH NOTICE OF SUPPLEMENTAL AUTHORITY

Intervenors Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez respectfully provide the Court notice of two recent decisions supporting their pending Motion to Dismiss. *See* ECF Nos. 78, 80. On June 27, 2026, a federal district court dismissed DOJ's parallel suit seeking Pennsylvania's unredacted statewide voter registration list ("SVRL"). *See United States v. Schmidt*, No. 2:25-cv-01481-CB, 2026 WL 1850016 (W.D. Pa. June 27, 2026). Two days later, a federal district court in New Hampshire similarly dismissed DOJ's parallel lawsuit there. *See United States v. Scanlan*, No. 25-cv-371-JL, 2026 WL 1864054 (D.N.H. June 29, 2026). DOJ's arguments have now been unanimously rejected by twelve federal courts, including one court of appeals.

The Pennsylvania court concluded that the government's demand failed to include "a statement of the basis and purpose" as required by the Civil Rights Act ("CRA"). 2026

1

WL 1850016, at *2. The court referenced public statements from government officials suggesting that DOJ's stated intent for seeking SVRLs is pretextual and that DOJ instead seeks these voter files to create a nationwide voter database, advance unsubstantiated claims of non-citizen voting, and create tools for immigration enforcement. *Id*. The district court also concluded that unredacted voter files are not "records" under Title III of the CRA. *Id*. SVRLs are "subject to additions, subtraction, and revisions" as required under the National Voter Registration Act and the Help America Vote Act ("HAVA"), but such alterations are criminalized under 52 U.S.C. § 20702. *Id*. Thus, "the government's reading does violence to Section 20702." *Id.* Accordingly, the court granted the defendant's and intervenors' motions to dismiss. *Id.* at *3.

The New Hampshire court dismissed DOJ's claim under Title III on similar grounds. The court concluded that DOJ's demand was facially invalid because it failed to state a basis—an "evidentiary or factual predicate"—for its request. *Scanlan*, 2026 WL 1864054, at *7–8. The court held that DOJ's failure to identify any factual anomalies in New Hampshire's voter registration data or point to any complaint or pattern suggesting noncompliance with HAVA or the CRA was fatal under Title III—particularly given the Attorney General's own historical practice of providing a statement of factual basis in its Title III demand letters. *Id*. The court further held that because Title III applies only to records or papers that "come into [election officials'] possession," it cannot reach records that officials themselves "have created and thus have always possessed." *Id.* at *4. The court observed that reading § 20701 to encompass SVRLs would also require election officials to "simultaneously preserve and modify the same record by creating a new, static

2

version of the database with every single edit"—an approach that New Hampshire election officials emphasized would be "impractical to the point of impossible." *Id.* at *5. The court also rejected many of the same counterarguments DOJ advanced here, such as its contention that the phrase "come into possession" creates a "temporal" distinction. *Id.* at *5–6; *see* ECF No. 171 at 6–7.

Finally, the New Hampshire court also dismissed DOJ's HAVA claim. It held that because HAVA contains no disclosure provision, a failure to disclose records such as an SVRL cannot give rise to a HAVA claim, *Scanlan*, 2026 WL 1864054, at *9–10; here, too, DOJ has alleged no substantive HAVA violation and instead merely stated that it seeks records "necessary to establish a claim under HAVA," ECF No. 102 at 25.

Dated: June 30, 2026                              Respectfully submitted,

ELIAS LAW GROUP LLP                     GREENE ESPEL PLLP

UZOMA N. NKWONTA*                       */s/ Katherine M. Swenson*
ROBERT GOLAN-VILELLA*                   SYBIL L. DUNLOP, No. 390186
TINA MENG MORRISON*                     KATHERINE M. SWENSON, No. 0389280
JULIANNA D. ASTARITA*                   KSHITHIJ SHRINATH, No. 0505164
250 Massachusetts Ave NW, Suite 400     222 S. Ninth Street, Suite 2200
Washington, DC 20001                    Minneapolis, MN 55402
Telephone: (202) 948-1135               Telephone: (612) 373-0830
unkwonta@elias.law                      sdunlop@greeneespel.com
rgolanvilella@elias.law                 kswenson@greeneespel.com
tmengmorrison@elias.law                 kshrinath@greeneespel.com
jastarita@elias.law

*Admitted *pro hac vice*

*Attorneys for Intervenors*
*Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*