## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STEVE SIMON, in his official capacity as<br>Secretary of State for the State of Minnesota, and<br>the STATE OF MINNESOTA,<br><br>　　　　　Defendants. | Case No. 25-cv-3761 (KMM/EMB) |

### UNITED STATES' RESPONSE TO SUPPLEMENTAL AUTHORITY
### (Dkt. 196)

The United States hereby responds to Intervenor-Defendant Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez's Notice of Supplemental Authority filed June 26, 2026.

In a split decision in *United States v. Benson*, 2026 WL 1815425 (6th Cir. June 24, 2026), the court held that for purposes of Title III of the Civil Rights Act of 1960 ("CRA"), Michigan's SVRL is not a record that "come[s] into [the] possession" of an "officer of election," 52 U.S.C. § 20701, because it is "internally generated . . . , not a record acquired from an outside source." 2026 WL 1815425, at *5. The court further stated that officers of election need not retain and preserve the SVRL because "the NVRA and HAVA *require* Michigan election officials to alter [it] routinely." *Id.*

As Judge Nalbandian's dissent pointed out, the CRA contains no "external-source limitation." *Id.* at *10 n.3. The historical backdrop against which Title III was passed belies any

such limitation. *See id.* at \*11. The majority's reading would also produce bizarre results as it would exclude self-generated lists designating registrants "by race." *Id.* at \*11 n.7. But even accepting an external-source limitation, Title III's "focus[] on individual 'officer[s] of election' " means that even if "Benson's employees generated the [SVRL]—and therefore didn't 'come into . . . possession' of the list themselves—Benson nonetheless 'c[a]me into . . . possession' of the file when her employees sent it to her." *Id.* at \*11 (citations omitted; alterations in original).

*Benson* also held that the Attorney General's demand was inadequate because the required statement of the basis and purpose was spread out over multiple letters. *See id.*, at \*8. "The majority strain[ed] to bifurcate the two letters into discrete 'demands,' " but that approach "shuns the common-sense inquiry of whether the DOJ put Michigan on notice." *Id.* at \*12-13 (Nalbandian, J., dissenting). "[T]he Attorney General needn't articulate a basis and a purpose in a single communication," as it suffices to incorporate earlier letters by reference. *Id.* at \*13 (citing 52 U.S.C. § 20703).

Dated: June 30, 2026

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section

/s/ John R. Casali
JOHN R. CASALI
JAMES T. TUCKER
Civil Rights Division
150 M Street, 8th Floor
Washington, D.C. 20002
(202) 316-8087
John.casali@usdoj.gov