# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

     *Plaintiff*,

  v.

STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota; and the STATE OF MINNESOTA,

     *Defendants*.

Case No. 0:25-CV-03761-KMM-EMB

## NAACP INTERVENOR-DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

In further support of Defendants' Motion to Dismiss (ECF No. 63), Intervenor-Defendants the National Association for the Advancement of Colored People ("NAACP") and Cynthia Wilson (collectively, "NAACP Intervenors") respectfully submit the Order from the United States District Court for the District of Columbia in the case of *League of Women Voters v. U.S. Department of Homeland Security*, No. 25-cv-3501-SLS (June 22, 2026), *appeal filed*, No. 26-5243 (D.C. Cir. June 29, 2026), attached as Exhibit A.

*League of Women Voters* held that the United States Department of Homeland Security (DHS) acted "contrary to law" and "in excess of statutory authority" when it created a "centralized federal database" of voters' Social Security numbers "to verify the citizenship or immigration status of registered voters or individuals registering to vote."

1

Ex. A at 1-3. In parallel litigations, the United States Department of Justice (DOJ) has acknowledged that it is demanding States' unredacted voter file for the express purpose of feeding into that same federal database and using it to search for undocumented immigrants. *See, e.g.*, OLC Opinion, *United States v. Raffensperger*, No. 1:26-cv-00485 (N.D. Ga. May 15, 2026), ECF No. 101-1 at 1 (OLC Opinion stating that DOJ sought "statewide voter lists" so it could "share such lists with DHS for the purpose of identifying illegal aliens who are ineligible to vote").

The *League of Women Voters* court's declaration that the SAVE database is "unlawful" and "in excess of authority," Ex. A at 3, is relevant to this Court's determination of whether DOJ has a legitimate "purpose" for its request as required by both Title III, 52 U.S.C. § 20703; Mem. iso. Defs.' Mot. to Dismiss § III (the CRA does not authorize DOJ's demands for purposes unrelated to Civil Rights violations), ECF No. 65, and the common law, *see United States v. Powell*, 379 U.S. 48, 57 (1964) (government records demands must be "pursuant to a legitimate purpose"); *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 318 (1978) (government demands for production must be made "in good-faith pursuit of [] congressionally authorized purposes").

Dated: June 30, 2026                                    Respectfully submitted,

By: */s/ Anton Metlitsky*

LATHROP GPM LLP
Amy Erickson (MN Bar #0399214)
Pierce Rose (MN Bar #0506799)
3100 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Leah Frazier*
Robert N. Weiner*
Julie M. Houk*
Gillian Cassell-Stiga*
Grace Thomas*
Samantha Heyward*
Catherine Meza*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8600
lfrazier@lawyerscommittee.org
rweiner@lawyerscommittee.org
jhouk@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org
gthomas@lawyerscommittee.org
sheyward@lawyerscommittee.org
cmeza@lawyerscommittee.org

Reema Shah*
Anton Metlitsky*
Andrew Frackman*
O'Melveny & Meyers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10018
Tel: (212) 326-2000
rshah@omm.com
ametlitsky@omm.com
afrackman@omm.com

Noah B. Bokat-Lindell*
Gabrielle S. Jackson*
O'Melveny & Meyers LLP
1625 Eye Street NW, 10th Floor
Washington, DC 20006
Tel: (202) 383-5300
nbokat-lindell@omm.com
gjackson@omm.com

*Admitted *pro hac vice*

*Attorneys for Intervenor-Defendants*