UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

vs.

Steve Simon in his official capacity as
Secretary of State for the State of Minnesota,
and the State of Minnesota,

Defendants.

Case No. 25-cv-03761 (KMM/EMB)

**NOTICE OF
SUPPLEMENTAL
AUTHORITY**

Defendants Steve Simon and the State of Minnesota provide the Court notice of supplemental authority stemming from recent decisions in related litigation. (ECF 188.) As the Court is aware, related lawsuits remain pending around the country. On July 10, a court dismissed the United States' similar lawsuit seeking New York's voter-registration data *United States v. Bd. of Elections of N.Y.*, No. 25-cv-1338, 2026 WL 1999921 (N.D.N.Y July 10, 2026). On July 13, a court dismissed the United States' lawsuit against West Virginia. *United States v. Warner*, No. 26-cv-156, 2026 WL 201887 (S.D. W. Va. July 13, 2026).

Both courts held that the United States' claims are subject to the Federal Rules of Civil Procedure and that Title III does not create a special statutory proceeding. *Warner*, 2026 WL 201887, at *2; *Bd. of Elections*, 2026 WL 1999921, at *5-6. On the merits, the New York court observed that the United States' demand lacked a basis and provided a purpose unrelated to Title III's purpose. *Bd. of Elections*, 2026 WL 1999921, at *8. But its

dismissal focused on its conclusion that voter-registration lists are not records subject to disclosure under Title III. *Id.* at *8-11. As to the United States' HAVA claim, the court noted that HAVA does not contain any data-disclosure provisions and the United States failed to plead a substantive violation of HAVA. *Id.* at *14. It recognized that the United States "cannot use discovery in hopes of finding" a violation. *Id.* at *14.

In the West Virginia case, the court assumed without deciding that Title III applies to voter-registration lists. *Warner*, 2026 WL 201887, at *2 n.2 But it held that the United States' Title III claim failed because it lacked a basis and a valid purpose. *Id.* at * 4. The court held that Title III requires a factual basis for seeking data and a purpose related to investigating violations of individuals' voting rights. *Id*. at *4-7. The court also held that, even if a valid purpose existed, producing highly sensitive voter data would not serve that purpose. *Id.* at *7-8.

Dated: July 14, 2026

KEITH ELLISON
Attorney General
State of Minnesota

**s/Angela Behrens**
ANGELA BEHRENS, No. 0351076
LINDSEY MIDDLECAMP, No. 0392589
ALLEN COOK BARR, No. 0399094
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, MN 55101-2125
(651) 757-1204 (Voice)
(651) 297-1235 (Fax)
angela.behrens@ag.state.mn.us
lindsey.middlecamp@ag.state.mn.us
allen.barr@ag.state.mn.us

ATTORNEYS FOR DEFENDANTS

|#6408439

2