**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

        *Plaintiff*,

        v.

STEVE SIMON, in his official capacity as
Secretary of State for the State of
Minnesota, and the STATE OF
MINNESOTA,

        *Defendants*.

Case No. 25-cv-3761 (KMM/EMB)

**INTERVENORS MINNESOTA ALLIANCE FOR RETIRED AMERICANS
EDUCATIONAL FUND AND MISAEL HERNANDEZ'S EIGHTH NOTICE OF
SUPPLEMENTAL AUTHORITY**

Intervenors Minnesota Alliance for Retired Americans Educational Fund and

Misael Hernandez respectfully provide the Court notice of two recent decisions supporting

their pending Motion to Dismiss. *See* ECF Nos. 78, 80. On July 14, 2026, federal district

courts in New Mexico and Virginia dismissed DOJ's parallel suits seeking those states'

unredacted statewide voter registration lists. *See United States v. Oliver*, No. 1:25-cv-1193-

JCH-JFR, 2026 WL 2031479 (D.N.M. July 14, 2026); *United States v. Koski*, No. 3:26-cv-

0042, 2026 WL 2032532 (E.D. Va. July 14, 2026). DOJ's arguments have now been

unanimously rejected by sixteen federal courts, including one court of appeals.

Both courts first found that the Federal Rules of Civil Procedure applied and thus

governed DOJ's actions. *See Oliver*, 2026 WL 2031479, at *6–7; *Koski*, 2026 WL

1

2032532, at *1 n.2. Applying the Rule 12(b)(6) motion to dismiss standard, the courts then proceeded to consider whether DOJ had stated a valid claim to compel production of Virginia's and New Mexico's unredacted voter lists.

The New Mexico court concluded that DOJ's claim under Title III of the Civil Rights Act failed because DOJ did not include a factual "basis" for its demand, as the statute requires. *See Oliver*, 2026 WL 2031479, at *8–10. The court noted that "[n]owhere does the DOJ articulate any factual suggestion that New Mexico has violated the [National Voter Registration Act] or [Help America Vote Act], indicate the State has a pattern or practice of noncompliance with the same, nor does it explain how the unredacted [personally identifiable information] is necessary to evaluate compliance with the NVRA and HAVA." *Id.* at *10. This deficiency was fatal to DOJ's Title III claim, and since amendment to DOJ's complaint would be futile, the court dismissed DOJ's suit with prejudice. *Id.; id.* at *10 n.19.

The Virginia court dismissed DOJ's claim on different grounds. The court concluded that the state's unredacted voter list was not a record or paper within the meaning of the Civil Rights Act because it did not "come into [the] possession" of an officer of election. *See Koski*, 2026 WL 2032532, at *4–6 (quoting 52 U.S.C. § 20701). Under DOJ's proffered interpretation of § 20701, regular list maintenance would be rendered illegal and subject to criminal penalties under 52 U.S.C. § 20702, an adjacent provision that criminalizes the alteration of any record or paper covered by § 20701. *Id.* at *5. Because no further amendments could cure the defects in DOJ's sole claim under the Civil Rights Act, the court similarly dismissed DOJ's suit with prejudice. *Id.* at *6.

2

Dated: July 15, 2026                  Respectfully submitted,

ELIAS LAW GROUP LLP                   GREENE ESPEL PLLP

UZOMA N. NKWONTA*                     */s/ Katherine M. Swenson*
ROBERT GOLAN-VILELLA*                 SYBIL L. DUNLOP, No. 390186
TINA MENG MORRISON*                   KATHERINE M. SWENSON, No. 0389280
JULIANNA D. ASTARITA*                 KSHITHIJ SHRINATH, No. 0505164
250 Massachusetts Ave NW, Suite 400   222 S. Ninth Street, Suite 2200
Washington, DC 20001                  Minneapolis, MN 55402
Telephone: (202) 948-1135             Telephone: (612) 373-0830
unkwonta@elias.law                    sdunlop@greeneespel.com
rgolanvilella@elias.law               kswenson@greeneespel.com
tmengmorrison@elias.law               kshrinath@greeneespel.com
jastarita@elias.law

*Admitted *pro hac vice*

*Attorneys for Intervenors*
*Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*