IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA,

*Defendants*.

Case No. 25-cv-3761 (KMM/EMB)

**INTERVENORS MINNESOTA ALLIANCE FOR RETIRED AMERICANS EDUCATIONAL FUND AND MISAEL HERNANDEZ'S TENTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez respectfully provide the Court notice of an additional, recent decision supporting their pending Motion to Dismiss. *See* ECF Nos. 78, 80.

The Eastern District of Kentucky is now the eighteenth federal court—including one court of appeals—to reject DOJ's claim that it is entitled to states' unredacted voter files. On July 23, 2026, the court dismissed DOJ's parallel suit seeking Kentucky's unredacted statewide voter registration list and denied DOJ's motion to compel. *See United States v. Adams*, No. 3:26-CV-00019, 2026 WL 2123871 (E.D. Ky. July 23, 2026).

Like every other federal court to consider the question, the Kentucky court first rejected DOJ's argument that Title III of the Civil Rights Act displaces the Federal Rules

1

of Civil Procedure. *Id.* at \*3–4. The court observed that DOJ relied on "a sixty-year-old out-of-circuit case, *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), to support its position that the Federal Rules are inapplicable." *Id.* at \*3. But the Supreme Court "reached a contrary result" two years later in *United States v. Powell*, 379 U.S. 48 (1964). 2026 WL 2123871, at \*3. Thus, "in accordance with *Powell*, and every other district court that has considered this issue," the Kentucky court found that the Federal Rules apply. *Id.* (collecting cases).

On the merits, the court held that Kentucky's unredacted voter list was not subject to disclosure under Title III because it did not "come into" election officials' possession, applying the Sixth Circuit's decision in *United States v. Benson*, 179 F.4th 470 (6th Cir. 2026). *See* 2026 WL 2123871, at \*4–5. The court also held that DOJ's claims failed for a further, independent reason: its demand stated neither a basis nor a purpose, instead offering only a "general reference" to the National Voter Registration Act and the Help America Vote Act. *Id.* at \*6. Because DOJ "did not comply with its mandatory statutory obligation to submit a demand" stating "both the basis and purpose of its request," Kentucky "did not violate Title III by refusing to produce" the state's unredacted voter file. *Id.*

2

Dated: July 28, 2026                    Respectfully submitted,

ELIAS LAW GROUP LLP                     GREENE ESPEL PLLP

UZOMA N. NKWONTA*                       */s/ Katherine M. Swenson*
ROBERT GOLAN-VILELLA*                   SYBIL L. DUNLOP, No. 390186
TINA MENG MORRISON*                     KATHERINE M. SWENSON, No. 0389280
JULIANNA D. ASTARITA*                   KSHITHIJ SHRINATH, No. 0505164
250 Massachusetts Ave NW, Suite 400     222 S. Ninth Street, Suite 2200
Washington, DC 20001                    Minneapolis, MN 55402
Telephone: (202) 948-1135               Telephone: (612) 373-0830
unkwonta@elias.law                      sdunlop@greeneespel.com
rgolanvilella@elias.law                 kswenson@greeneespel.com
tmengmorrison@elias.law                 kshrinath@greeneespel.com
jastarita@elias.law

*Admitted *pro hac vice*

*Attorneys for Intervenors*
*Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*