IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA,<br><br>*Defendants*. | Case No. 25-cv-3761 (KMM/EMB) |

**INTERVENORS MINNESOTA ALLIANCE FOR RETIRED AMERICANS EDUCATIONAL FUND AND MISAEL HERNANDEZ'S ELEVENTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez respectfully provide the Court notice of a recent decision supporting their pending Motion to Dismiss. *See* ECF Nos. 78, 80.

The District of New Jersey is now the nineteenth federal court—including one court of appeals—to reject DOJ's claim that it is entitled to states' unredacted voter files. On July 29, 2026, the court dismissed DOJ's parallel suit seeking New Jersey's unredacted statewide voter registration list and denied DOJ's motion to compel. *See United States v. Caldwell*, No. 3:26-cv-2025 (ZNQ) (JTQ), 2026 WL 2186515 (D.N.J. July 29, 2026).

Consistent with every other federal court to consider the question, the New Jersey court first rejected DOJ's argument that Title III of the Civil Rights Act (CRA) displaces

1

the Federal Rules of Civil Procedure or precludes the court from assessing whether DOJ's demand complies with the applicable statutory requirements. *Id.* at \*5. The court concluded that DOJ's heavy reliance "on a line of Fifth Circuit cases from the 1960s, most notably *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962)" was misplaced, as just two years later in *United States v. Powell*, 379 U.S. 48 (1964), the Supreme Court held that, under analogous statutory language, the Federal Rules apply to requests for the production of records. *See* 2026 WL 2186515, at \*6. The court also noted that while Congress can choose to exempt a statutory proceeding from the Federal Rules, which are the "default rules in civil litigation," nothing in the text of the CRA creates such an exemption. *Id.* (quoting *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 436 (2023)).

On the merits, the court held that Title III does not extend to New Jersey's computerized voter registration list because it is a document the State itself created, not a record that came into the election officers' possession, as required under Title III. *Id.* at \*6–7. In particular, the court noted that the State's obligation to "continuously update" its voter list to remain compliant with the Help America Vote Act and the National Voter Registration Act "clearly contrasts" with Title III, which criminally penalizes any willful alteration of any record or paper covered by Title III. *Id.* at \*8. Because DOJ's interpretation would place Title III on a "collision course" with federal law, DOJ's position "becomes untenable due to the inter-statutory conflict it would necessarily engender." *Id.* Therefore, the court dismissed DOJ's complaint with prejudice. *Id.*

Dated: July 30, 2026                          Respectfully submitted,

ELIAS LAW GROUP LLP                           GREENE ESPEL PLLP

UZOMA N. NKWONTA*                             */s/ Katherine M. Swenson*
ROBERT GOLAN-VILELLA*                         SYBIL L. DUNLOP, No. 390186
TINA MENG MORRISON*                           KATHERINE M. SWENSON, No. 0389280
JULIANNA D. ASTARITA*                         KSHITHIJ SHRINATH, No. 0505164
250 Massachusetts Ave NW, Suite 400           222 S. Ninth Street, Suite 2200
Washington, DC 20001                          Minneapolis, MN 55402
Telephone: (202) 948-1135                     Telephone: (612) 373-0830
unkwonta@elias.law                            sdunlop@greeneespel.com
rgolanvilella@elias.law                       kswenson@greeneespel.com
tmengmorrison@elias.law                       kshrinath@greeneespel.com
jastarita@elias.law

*Admitted *pro hac vice*

*Attorneys for Intervenors*
*Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*

3