UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    vs.

Steve Simon in his official capacity as
Secretary of State for the State of Minnesota,
and the State of Minnesota,

        Defendants.

Case No. 25-cv-03761 (KMM/EMB)

**NOTICE OF
SUPPLEMENTAL
AUTHORITY**

Defendants Steve Simon and the State of Minnesota provide the Court notice of supplemental authority stemming from a recent decision in related litigation. (ECF 188.) As the Court is aware, related lawsuits remain pending around the country. On July 31, a court dismissed the United States' similar lawsuit seeking Illinois's voter-registration data *United States v. Matthews*, No. 25-cv-3398, 2026 WL 2212877 (C.D. Ill. July 31, 2026). Of the nineteen decided district court cases, the decision marks the nineteenth dismissal. And counting the decided Sixth Circuit appeal, it marks the twentieth court to reject the United States' attempt to obtain states' voter data.

In the most recent dismissal, the court held that the Federal Rules of Civil Procedure apply to Title III claims because Title III provides courts jurisdiction "by appropriate process." *Id.* at *2. On the merits, the court held that voter-registration lists are not subject to Title III. Because election officials create the lists, the court held, they are not documents that "come into [their] possession." *Id.* at *3-4.

The court also held that, even if voter-registration lists could be subject to a Title III demand, DOJ's written demand was deficient. The court held that a proper demand requires a basis *and* a purpose. *Id.* at *4. The basis requires the factual basis for suspecting the state's noncompliance with federal law. *Id.* at *5. DOJ's vague references to federal laws did not provide a factual basis for seeking Illinois's sensitive voter data. *Id.* at *2, 5. As to the purpose, the court held that, to be legitimate, the purpose for demanding data must relate to investigating violations of individual voting rights. *Id.* at *5. Congress did not give DOJ general power to audit state election officials. *Id.* And "if the Attorney General could simply justify his demand with a statement of any purpose whatsoever, the requirement that he specify his purpose (and his basis) would be pointless . . . ." *Id.* A desire to vet registration data for compliance with the NVRA and HAVA is not a legitimate purpose under Title III. *Id.* at *6.

Dated: <u>August 3, 2026</u>

KEITH ELLISON
Attorney General
State of Minnesota

<u>s/Angela Behrens</u>
ANGELA BEHRENS, No. 0351076
LINDSEY MIDDLECAMP, No. 0392589
ALLEN COOK BARR, No. 0399094
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, MN 55101-2125
(651) 757-1204 (Voice)
(651) 297-1235 (Fax)
angela.behrens@ag.state.mn.us
lindsey.middlecamp@ag.state.mn.us
allen.barr@ag.state.mn.us

ATTORNEYS FOR DEFENDANTS

|#6421783

2