**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

STEVE SIMON, in his official capacity as
Secretary of State for the State of
Minnesota, and the STATE OF
MINNESOTA,

*Defendants*.

Case No. 25-cv-3761 (KMM/EMB)

**INTERVENORS MINNESOTA ALLIANCE FOR RETIRED AMERICANS
EDUCATIONAL FUND AND MISAEL HERNANDEZ'S TWELFTH NOTICE OF
SUPPLEMENTAL AUTHORITY**

Intervenors Minnesota Alliance for Retired Americans Educational Fund and
Misael Hernandez respectfully provide the Court notice of another recent decision
supporting their pending Motion to Dismiss. *See* ECF Nos. 78, 80.

This week, the District of Colorado dismissed DOJ's parallel suit seeking
Colorado's unredacted statewide voter registration list and denied DOJ's motion to compel.
*See United States v. Griswold*, No. 25-cv-03967, 2026 WL 2235374 (D. Colo. Aug. 3,
2026). The District of Colorado is now the twenty-first federal court—including one court
of appeals—to reject DOJ's claim that it is entitled to states' unredacted voter files.

Consistent with every other federal court to rule on the question, the Colorado court
first rejected DOJ's argument that the Federal Rules of Civil Procedure do not apply to

1

actions under Title III of the Civil Rights Act. *Id.* at \*3. The court reasoned that under the Supreme Court's decision in *United States v. Powell*, 379 U.S. 48 (1964), when a statute, like Title III, does not specify the "procedure to be followed in invoking the court's jurisdiction," then the Federal Rules—which "are the default rules in civil litigation"— apply. 2026 WL 2235374, at \*3 (citations omitted).

On the merits, the court concluded that dismissal of DOJ's case was warranted because DOJ failed to provide the Colorado Secretary of State with a written demand that included a sufficient basis and purpose for requesting the state's nonpublic statewide voter registration list. *Id.* at \*4. Further, the court concluded that, even if DOJ had done so, Title III does not apply to the state's voter list because such a document is created by the state and thus does not "come into [the state's] possession." *Id.* at \*5. The court also reasoned that adopting DOJ's interpretation of Title III would place it "in conflict with other statutes that regulate the maintenance of voter registration records," such as the Help America Vote Act (HAVA) and the National Voter Registration Act (NVRA). *Id.* While Title III requires covered records and papers to be retained and preserved, HAVA and the NVRA require states to continually update voter registration records to maintain their accuracy. *Id.* Under DOJ's view, the Colorado Secretary of State would violate Title III every time she updated the state's voter list to comply with the NVRA and HAVA. *Id.*

2

Dated: August 5, 2026                          Respectfully submitted,

ELIAS LAW GROUP LLP                    GREENE ESPEL PLLP

UZOMA N. NKWONTA*                     */s/ Katherine M. Swenson*
ROBERT GOLAN-VILELLA*                SYBIL L. DUNLOP, No. 390186
TINA MENG MORRISON*                   KATHERINE M. SWENSON, No. 0389280
JULIANNA D. ASTARITA*                  KSHITHIJ SHRINATH, No. 0505164
250 Massachusetts Ave NW, Suite 400   222 S. Ninth Street, Suite 2200
Washington, DC 20001                   Minneapolis, MN 55402
Telephone: (202) 948-1135              Telephone: (612) 373-0830
unkwonta@elias.law                     sdunlop@greeneespel.com
rgolanvilella@elias.law                kswenson@greeneespel.com
tmengmorrison@elias.law                kshrinath@greeneespel.com
jastarita@elias.law

*Admitted *pro hac vice*

*Attorneys for Intervenors*
*Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*