IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>STEVE SIMON, in his official capacity as Secretary of State for the State of Minnesota, and the STATE OF MINNESOTA,<br><br>*Defendants.* | Case No. 25-cv-3761 (KMM/EMB) |

**INTERVENORS MINNESOTA ALLIANCE FOR RETIRED AMERICANS EDUCATIONAL FUND AND MISAEL HERNANDEZ'S THIRTEENTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenors Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez respectfully provide the Court notice of another recent decision supporting their pending Motion to Dismiss. *See* ECF Nos. 78, 80.

Yesterday, the U.S. District Court for the District of Columbia denied DOJ's motion to compel the production of the District's unredacted statewide voter registration list and dismissed DOJ's lawsuit. *See United States v. Evans*, No. 25-cv-4403, 2026 WL 2267774 (D.D.C. Aug. 6, 2026). Twenty-two federal courts—including one court of appeals—have now rejected DOJ's claim that it is entitled to states' or districts' unredacted voter files.

The District of Columbia court first rejected DOJ's argument that the Federal Rules of Civil Procedure do not apply to assess DOJ's request to produce documents under Title

1

III of the Civil Rights Act (CRA). *See id*. at *4. It observed that Title III does not "displace[] the Federal Rules of Civil Procedure," and that "the government is not entitled to a judicial order rubber stamping its records request." *Id*. (alteration in original).

On the merits, the court noted that "twenty district courts and the Sixth Circuit have denied the government's motion to compel . . . leaving the Court with no shortage of guidance on these issues." *Id.* at *5. Consistent with this growing body of precedent, the court held that "Title III authorizes the Attorney General to obtain records that come into state election officials' possession, not records created by those officials," which include the district's voter list. *Id*. The court also noted that "fifteen courts" have rejected DOJ's claims on this specific basis. *Id*.

This result is compelled not only by the plain text of the statute, the District of Columbia court reasoned, but also by the fact that, if the voter list were a record subject to the CRA, the CRA would "subject officials to liability for taking the steps mandated by the [National Voter Registration Act] and [Help America Vote Act]" related to voter list maintenance. *Id*. at *7. The court also conducted a detailed review of the CRA's history, which further confirmed that DOJ's reading of the statute is inaccurate. *Id*. at *8–10.

2

Dated: August 7, 2026                         Respectfully submitted,

ELIAS LAW GROUP LLP                 GREENE ESPEL PLLP

UZOMA N. NKWONTA*               */s/ Katherine M. Swenson*
ROBERT GOLAN-VILELLA*          SYBIL L. DUNLOP, No. 390186
TINA MENG MORRISON*              KATHERINE M. SWENSON, No. 0389280
JULIANNA D. ASTARITA*             KSHITHIJ SHRINATH, No. 0505164
250 Massachusetts Ave NW, Suite 400   222 S. Ninth Street, Suite 2200
Washington, DC 20001                  Minneapolis, MN 55402
Telephone: (202) 948-1135            Telephone: (612) 373-0830
unkwonta@elias.law                    sdunlop@greeneespel.com
rgolanvilella@elias.law                kswenson@greeneespel.com
tmengmorrison@elias.law              kshrinath@greeneespel.com
jastarita@elias.law

*Admitted *pro hac vice*

*Attorneys for Intervenors*
*Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez*

3